IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUCAN | CIVIL ACTION NO. **15-5486** |
| VERSUS | SECTION: _____; MAG. _____ **SECT. B MAG. 1** |
| STATE OF LOUISIANA, LOUISIANA SECRTETARY OF STATE OFFICE, SECRETARY OF STATE TOM SCEDLER, TANGIPAHOA PARISH COUNCIL TANGIPAHOA PARISH CLERK OF COURT OFFICE, CLERK JULIAN DUFRECHE, TANGIPAHOA PARISH REGISTRAR OF VOTERS OFFICE, AND TANGIPAHOA PARISH REGISTRAR OF VOTERS JOHN RUSSELL | TRIAL BY JURY DEMANDED |

## COMPLAINT

**COMES NOW INTO COURT**, Plaintiff disabled African American male U. S. Army veteran Johnny L. Duncan, *in proper person*, to bring this action for damages pursuant 18 U. S. C. §96, 42 U. S. C. § 207(a), 42 U. S. C. § 407(a), 42 U. S. C. §1915, §1981, §1983, §1985, §1986, §1988, 14th Amendment, 15th Amendment, Civil Rights Act of 1866, Civil Rights Act of 1964, Voting Rights Act of 1965, La. Civ. Code §2315, La. Civ. Code §2317, and any and all other provisions of federal statutory laws, general, common and equity laws as applicable to the circumstances and violations hereinafter mentioned and disclosed during these proceedings, for conspiracy to deprive African American male plaintiff of the Right to vote and for the deprivation and denial of Plaintiff's citizenship Right to vote.

Fee pauper
Process _____
X Dktd _____
_ CtRmDep _____
_ Doc. No. _____

1.

## PRELIMINARY STATEMENT

This is a civil rights action accompanied seeking declaratory, injunctive relief, monetary and punitive damages to redress the racial harassment and refusal to accept African American male plaintiff's government issued picture identification and demanding a second form of picture identification in order to vote in the Louisiana October 24, 2015 Primary Election. Named and unnamed defendants conspired with, between and among themselves to deny African American male plaintiff the right to vote, and did in fact consummate their participation in the conspiracy by rejecting plaintiff's government issued picture identification, in violation of the 14th Amendment, 15th Amendment, Civil Rights Act (1866), Civil Rights Act (1964), Voting Rights (1965), LRS §18:562 and any and all other applicable Federal and Louisiana State laws.

2.

## JURISDICTION AND VENUE

Jurisdiction is vested in this Court by 28 U. S. C. Sections 1331 and/or 1343(3) and (4). The matter in controversy exceeds $100,000. Further, Plaintiff, Cpt. Johnny L. Duncan, seeks to invoke the provisions of 18 U. S. C. §96, 42 U. S. C. § 207(a), 42 U. S. C. § 407(a), 42 U. S. C. §1915, §1981, §1983, §1985, §1986, §1988 (for attorney fees, if and when applicable), the Civil Rights Act of 1866, Civil Rights Act of 1964, Voting Rights Act of 1965, the 14th, and 15th Amendments to the United States Constitution, LRS §18:562, La. Civ. Code §2315, La. Civ. Code §2317, and any and all other provisions of the United States Constitution, federal and state statutory laws, general, common and equity laws as applicable to the circumstances and violations hereinafter mentioned and disclosed during these proceedings.

3.

Venue is the United States District Court, Eastern District of Louisiana is proper pursuant 28 U. S. C. §1391.

4.

## PARTIES

### Plaintiff

Plaintiff Johnny Duncan, a sixty-two (62) year old permanently and totally disabled African American male U. S. Army veteran—*creator and definer of the term Afr-i-can Amer-i-can (1986)*[1][2]—is an American citizen residing in the State of Louisiana, in the Parish of Tangipahoa, in the City of Amite at 309 South Third Street 70422. African American plaintiff integrated Amite, Louisiana in the 1970-1973 time frame. Plaintiff found the Amite Branch of the NAACP in 1971. Plaintiff help to integrate Louisiana State University in the 1970-1975 time frame. Plaintiff is a twenty-one (21) year veteran of the United States Military (Army). Plaintiff wrote the 1986 poem "I Can" which renamed Black people African. Plaintiff founded the Greater Tangipahoa Parish NAACP (6058) in 2004. Plaintiff has been a candidate for public office nine (9) times and lost nine (9) times;

---

[1] An African American female worker rejected plaintiff's government issued picture ID. Her name will be disclosed during discovery.

[2] Plaintiff defined African Americans as the descendants of the children of the African Diaspora who inhabit the Western Hemisphere, not just the United States.

5.

## **DEFENDANTS**

**The State of Louisiana** is an organization established under the laws of the United States of America which can sue and is capable of being sued. Defendant State of Louisiana created through legislation the pictured identification requirement for voters in order to participate in the electoral process;

6.

**The Louisiana Secretary of State** is an *organization* established under the laws of the United States and the State of Louisiana which can sue and is capable of being sued. Defendant Louisiana Secretary of State is responsible for promulgating and enforcing the picture identification law and other voting and election requirement for the State of Louisiana through its office and its agents and representatives in the offices of the parish clerks of courts and registrar of voters. This defendant at all times acted under the *color of state law*;

7.

**Louisiana Secretary of State Tom Schedler** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued in an individual and official capacity. Defendant Tom Schedler heads the Office of Louisiana Secretary of State and is responsible for enforcing the voting requirements of the State of Louisiana, including but not limited to the use of voter picture identification that is mandated by Louisiana Revised Statutes, a task that he and/or his agents and representatives failed to perform with plaintiff in the October 24, 2015 election. This defendant at all times acted under the *color of state law*;

8.

**Tangipahoa Parish Council** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued. Defendant Tangipahoa Parish Council anointed Defendant Registrar of Voters John Russell to a lifetime appointment as Registrar of voters. Defendant Parish Council controls the purse strings for Registrar and Defendant Registrar of Voters Office. Defendant Tangipahoa Parish Council failed to provide the Office of Registrar of Voter with the resources and oversight to insure that it issued a voter identification card that complied with LRS §18:652. This defendant at all times acted under the *color of state law*;

9.

**Tangipahoa Parish Clerk of Court Office** is an *organization* established under the laws of the State of Louisiana and the United States of America, which can sue and is capable of being sued. Defendant Tangipahoa Parish Clerk of Court was delegated the authority through its agents, employees and representatives, to oversee and enforce voting requirements (including the use of picture identification by plaintiff) in Louisiana's October 24, 2015 Primary Election. This defendant's failure to train effectively its employees on voter picture identification caused the poll worker at Amite City Hall to reject plaintiff's picture identification and demand a second form of picture identification. This defendant at all times acted under the *color of state law*;

10.

**Tangipahoa Parish Clerk of Court Julian DuFreche** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued in an individual and official capacity. Defendant Clerk of Court Julian DuFreche is mandated by

Louisiana and Tangipahoa Parish Law to supervise the conduct of elections in Tangipahoa Parish. Defendant Clerk is further tasked through his agents, employees and representatives with enforcing the provisions of the Louisiana picture identification requirement for voters. Clerk Julian DuFreche and his assigns failed to properly perform their jobs by rejecting plaintiff's picture identification, by demanding a second form of picture identification from plaintiff and by denying African American male plaintiff the citizenship right to vote in the Louisiana October 24, 2015 Primary Election. This defendant at all times acted under the *color of state law*;

11.

**Tangipahoa Parish Registrar of Voters Office** is an organization established under the laws of the State of Louisiana and of the United States of America, which can sue and is capable of being sue. Defendant Registrar of Voters oversee the registration of voters in the parish. The registrar of voters collects information on citizens, assigns them a polling place and issues them a voter registration card, without the required picture identification that was demanded of plaintiff to vote in the Louisiana Primary Election on October 24, 2015. This defendant at all times acted under the *color of state law*;

12.

**Tangipahoa Parish Registrar of Voters Office** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued in an individual and official capacity. Among other things, Defendant Registrar of Voters Office is responsible for *collecting and validating* information on citizens and issuing them a voter's registration identification card that meet the specifications of the law in order to vote in Federal, State and Local elections. Plaintiff was not issued the required picture identification by this

defendant which resulted in other defendants rejecting the picture identification which plaintiff did present. This defendant at all times acted under the *color of state law*;

13.

**Tangipahoa Parish Registrar of Voters John Russell** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued. Defendant Registrar of Voters John Russell has a lifetime appointment from Defendant Tangipahoa Parish Council. Registrar Russell is tasked with the operation of the Tangipahoa Parish Registrar of Voters Office, including a form of voter identification which satisfies the requirements of Louisiana Law to vote in Federal, State and Local elections. This defendant at all times acted under the *color of state law*;

14.

## FACTUAL BACKGROUND

October 24, 2015 was the date of the primary election in Louisiana. *Circa* 1720 hours (5:20 P. M.), Johnny Duncan went to vote at his usual polling place at the Amite City Hall, where he had voted for the last twenty (20) years;

15.

Elaine Vernon, plaintiff's high school classmate, and numerous other poll workers recognized and greeted plaintiff when he entered the polling place;

16.

Plaintiff Johnny Duncan presented a U. S. Government issued picture identification card to the poll worker to satisfy the picture identification requirement;

17.

Additionally, Plaintiff Johnny Duncan presented a second ID in the form of a Veterans Department identification card to verify his identify;

18.

Plaintiff also wore a military jacket to which his name and rank were visibly affixed:

19.

The polling employee of the Tangipahoa Parish Clerk of Court and Clerk Julian DuFreche rejected the picture identification and denied Plaintiff Johnny Duncan the right to vote;

20.

The Louisiana Secretary of State Office and Secretary of State Tom Schedler through his representatives failed to explain the picture identification requirements to the Tangipahoa Parish Clerk's Office and its employee, and denied the plaintiff of his constitutional right to vote in Louisiana October 24, 2015 Primary Election by rejecting his government issued picture ID.

21.

Louisiana Secretary of State Tom Schedler and the Office of Secretary of State through his agents failed to enforce LRS §18:562 the picture identification requirements for plaintiff on

October 24, 2015 and deprived African American Plaintiff Johnny Duncan of the right to vote in Louisiana October 24, 2015 Primary Election by rejecting his government issued pictured ID;

22.

Louisiana Secretary of State Tom Schedler and the Louisiana Office of Secretary of State through their agents failed to provide an acceptable form of pictured voter identification for African American Plaintiff Johnny Duncan and other similarly situated voters of Louisiana, and by so doing deprived him of the right to vote in Louisiana Primary Election of October 24, 2015 by rejecting his government issued ID;

23.

Tangipahoa Parish Clerk of Court Julian DuFreche and the Tangipahoa Parish Clerk of Court's Office through their employees and representatives denied African American male Plaintiff Johnny Duncan of the right to vote in the October 24, 2015 Primary Election by rejecting his pictured and non-pictured forms of government identification;

24.

Tangipahoa Parish Clerk of Court Julian DuFreche and the Tangipahoa Parish Clerk of Court Office failed to properly train his employees on voter picture identification and in the process denied African American male Plaintiff Johnny Duncan of the right to voter in Louisiana's October 24, 2015 Primary Election;

25.

Tangipahoa Parish Clerk of Court and Clerk of Court Julian DuFreche denied African American Plaintiff Johnny Duncan of the right to vote in the October 24, 2015 Primary Election by requiring him to have two forms of pictured identification;

26.

Tangipahoa Parish Registrar of Voters Office and Registrar of Voters John Russell failed to provide African American male Plaintiff Johnny Duncan with a voter identification card that complied with LRS §18:652, and by so doing deprived him of the right to vote in Louisiana Primary Election of October 24, 2015;

27.

**PRAYER FOR RELIEF**

In a nutshell, the named and unnamed defendants through their agents, representatives and/or employees illegally denied permanently disabled African American male veteran, Johnny Duncan the right to vote in the Louisiana Primary Election on October 24, 2015 by rejecting his government issued picture identification. The ***extraordinary nature*** of this voting violation—at all times under the guise and/or *color of state law,* Defendants' conduct in this case demands an ***extraordinary remedy***;

With all the resources of the Louisiana State Government at their disposal, the Defendants required the use of a picture identification in order to vote, yet had provided not picture identification with the voter registration card. Under pretext and *the cover of state law,* the named Defendants denied plaintiff the right to vote in the Primary Election on October 24, 2015.

The magnitude of defendants' trespasses in this vital electoral process mandates that African American Male Plaintiff seeks redress and relief in the following forms:

1. Provide each qualified voter with a pictured voter registration card that can be used in all federal, state and local election; or

2. That Defendant State of Louisiana be ordered to include a picture and voter registration information on any and all forms of identification issued by the State of Louisiana or through the State of Louisiana, i. e., driver's license, identification cards, food stamp cards, etc. or

3. That Defendant Tangipahoa Parish Council provide funds for Defendant Registrar of voters to install equipment capable to making a voter identification card with a picture on it; and

4. That Defendants State of Louisiana, Louisiana Secretary of State Office, Louisiana Secretary of State Tom Schedler, Tangipahoa Parish Council, Tangipahoa Parish Clerk of Court Office, Tangipahoa Parish Clerk of Court Julian DuFreche, Tangipahoa Parish Registrar of Voters Office and Tangipahoa Parish Registrar of Voters John Russell be made to ***verify physically the residency and address*** of each and every citizen who is issued the new picture voter identification card; or

5. The total sum certain of one billion dollars ($1,000,000,000.00)[3] for punitive damages, pain, suffering, mental anguish, public embarrassment and humiliation caused African American male plaintiff by the defendants' denial of his right to vote in Louisiana Primary Election on October 24, 2015.

---

[3] This amount may be negotiable if defendants act in good faith to implement items 1-4 of this sections.

## CONCLUSION

**There is an urgency of the moment in this litigation!** Plaintiff is not a "Johnny-come-lately" to the arena of civil rights and voting rights. In the 1970's he organized boycotts and walked on picket lines to make white businesses hire Blacks workers in private establishments in Amite. This plaintiff suffered incarceration and all forms of threats and denials so that he and other African Americans could enjoy the full citizenship rights afforded to American, *including the right to vote*. Plaintiff has organized voting campaigns for the Voters Education Project. He volunteered for the Southern Christian Leadership Conference (SCLC). He organized branches of the National Association for the Advancement of Colored People in 1971 and in 2004. Plaintiff spearheaded the movement, as president of the Black Student organization Harambee, to integrate Louisiana State University (LSUBR) in Baton Rouge, Louisiana. African American male plaintiff has run for the political offices on numerous occasions; mayor of Amite (4), State Representative District #72 (2), Sheriff (2), City Council (1), and Justice-of-Peace. In 1986 plaintiff wrote the poem "I Can" that defined and renamed Blacks African Americans. Plaintiff has served as Professor of History at Alabama State University, Stillman College and Baton Rouge Community College, and in other academic capacities at Miles College, Louisiana State University (LSUBR), City College of Chicago, Greene County (Alabama) Board of Education, and Tangipahoa Parish School System. Additionally, plaintiff penned following works:

1. The Black History Calendar (1986)
2. The Color Black (1995)
3. Johnny Duncan and the Desegregation of Amite, Louisiana 1969-1975 (1995)
4. YOU MIGHT BE A NIGGER! (1998)
5. I Can: The Origin of Afr-i-can Amer-i-can (2008)
6. God's Lightning Rod: Poems of Prophecy (2014)

It is safe to say that for the last forty or so years, this African American male plaintiff has been

Deeply involved in the political process. Over the years plaintiff has earned a reputation as a civil rights and voting rights protagonist. Words will fall far short in describing the rage which enveloped him on October 24, 2015, when the defendants denied him the right to vote. To add **insult to injury,** defendants' egregious conduct occurred at the location in the Amite City Hall where the *"the Mayor and City Council for the Town of Amite City recognize and honor Johnny Duncan as a true African American hero and citizen who truly loves his community."*[4] Whether denial of plaintiff's right to vote was because of his race, age, sex, ethnicity or whatever god-forsaken reason is irrelevant, denying African American male Plaintiff Johnny Duncan the right to vote violated the law! The remedies sought in this litigation will cure once and for all the discrepancies over voter picture identification requirements in the State of Louisiana, and hopefully make Louisiana an easier place in which to vote for all citizens.

*Done this the 27th Day of August, 2015 at New Orleans, Louisiana.*

RESPECTFULLY SUBMITTED BY:

Johnny Duncan, Plaintiff
*In Proper Person*
309 South Third Street
Post Office Box 723
Amite, Louisiana, 70422
(985) 474-2565

---

[4] RESOLUTION NO. 11-2004; Exhibit #1

**CERTIFICATE OF SERVICE**

Defendants State of Louisiana, and Louisiana Secretary of State Office and Secretary of State Tom Schedler may be served through the Office of the Attorney General of Louisiana.

Defendants Tangipahoa Parish Registrar of Voters Office and Tangipahoa Parish Registrar of Voters John Russell may be served at the Tangipahoa Parish Courthouse at 110 North Bay Street, Amite, Louisiana 70422.

Defendants Tangipahoa Parish Clerk of Court Office and Tangipahoa Parish Clerk of Court Julian DuFreche may be served at 206 North Myrtle Street—Amite, Louisiana 70422.

Defendant Tangipahoa Parish Council may be served at Courthouse Annex at 206 East Mulberry Street—Amite, Louisiana 70422.

_____
Johnny Duncan