UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY DUNCANC** | No. 15-5486 |
| **VERSUS** | SECTION: B – LEMELLE |
| **STATE OF LOUISIANA,** *et al.* | MAG. JUDGE: 1 – SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come the Defendants, TANGIPAHOA PARISH REGISTRAR OF VOTERS OFFICE AND JOHN RUSSELL, in his official capacity as TANIPAHOA PARISH REGISTRAR OF VOTERS, (collectively "Registrar Defendants") who respectfully move this Honorable Court to dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(1) for the reasons explained below.

### Fed. R. Civ. P. 12(b)(1)

1.

A case will be dismissed under Fed. R. Civ. P. 12(b)(1) if the court lacks the statutory authority to hear and decide the dispute.[1]

2.

The Registrar Defendants respectfully state that accepting all factual allegations made by the Plaintiff as true, this Court lacks subject matter jurisdiction to hear and decide Plaintiff's claims with respect to the Registrar Defendants.

---

[1] *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586 (1938).

3.

The Eleventh Amendment of the United States Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

4.

Eleventh Amendment immunity is applicable here as to the Registrar Defendants, and it bars a state's citizens from filing suit against the State in federal court unless the State has waived its immunity.[2]

5.

The Plaintiff does not allege that the Registrar Defendants acted other than in the course and scope of his state office. Indeed, they are sued only in their official capacity.

6.

A very narrow exception to Eleventh Amendment immunity, the *Ex Parte Young* doctrine exists. However, this narrow exception does not apply in this case because the Plaintiff cannot meet the requirements of the exception.

7.

As it relates to the named Registrar Defendants, the Plaintiff fails to show that these Defendants have the requisite connection with the enforcement of the act challenged necessary to establish the *Ex Parte Young* Exception.

---

[2] *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F. 3d 273, 280 (5th Cir. 2002).

8.

Further, it is well-established law within the United States Court of Appeals for the Fifth Circuit that the State has not waived its immunity from suit in federal court.[3]

9.

The Louisiana Legislature, through La. R.S. 13:5106(a), clearly expresses that "no suit against the state shall be instituted in any court other than a Louisiana state court."

10.

Because the State has not waived its sovereign immunity, this Court lacks jurisdiction to entertain his claims against the Registrar Defendants and, accordingly, Plaintiff's claims should be dismissed as to the Registrar Defendant pursuant to Fed. R. Civ. P. 12(b)(1).

**WHEREFORE,** the Registrar Defendants pray that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be GRANTED and they be awarded all other relief which they are entitled.

**Respectfully submitted,**

**JAMES "BUDDY" D. CALDWELL**
**ATTORNEY GENERAL**

BY: _____
**WILLIAM P. BRYAN**
**ASSISTANT ATTORNEY GENERAL**
**DEPARTMENT OF JUSTICE CIVIL DIVISION**
1885 North Third Street, 6th Floor
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone No. 225-326-6029
Facsimile No. 225-326-6099
E-Mail Address:bryanb@ag.state.la.us
*Attorney for defendants, Tangipahoa Parish Registrar of Voters and Registrar of Voters John Russell*

---

[3] *See, e.g., Patterson v. Stalder*, 2007 WL 2479830 (W.D.La. Aug. 27, 2007)) (not reported in F.Supp.2d), citing *Usry v. Louisiana Department of Highways*, 459 F.Supp. 56, 63-64 (E.D.La.1978); *Kiper v. Louisiana State Bd. of Elementary and Secondary Education*, 592 F.Supp. 1343 (M.D.La.), aff'd 778 F.2d 789 (5th Cir.1985).

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 24th day of December 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record. Counsel of record not registered in the CM/ECF system were served via other means.

Baton Rouge, Louisiana, this 24th day of December 2015.

_____
William P. Bryan, III