UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | NO. 15-5486 |
| VERSUS | SECTION: B – LEMELLE |
| STATE OF LOUISIANA, *et al.* | MAG. JUDGE: 1 – SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come the Defendants, the Tangipahoa Parish Registrar of Voters Office and John Russell, in his official capacity as Tangipahoa Parish Registrar of Voters, who respectfully move this Honorable Court to dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(1) for the reasons explained below.

**I.    BACKGROUND**

Plaintiff has sued several defendants for denying him the right to vote in the October 24, 2015 election. He claims the Registrar of Voters Office issues voters "a voter registration card, without the required picture identification that was demanded of plaintiff to vote in the Louisiana Primary Election on October 24, 2015." (Rec. Doc. 1, ¶11) Plaintiff further claims the "Registrar of Voters Office is responsible for collecting and validating information on citizens and issuing them a voter's registration identification card that meet the specifications of the law in order to vote in Federal, State and Local elections.  Plaintiff was not issued the required picture identification by this defendant which resulted in other defendants rejecting the picture identification which plaintiff did present." (Rec. Doc. 1, ¶12)

Finally, the Plaintiff claims that "Registrar Russell is tasked with the operation of the Tangipahoa Parish Registrar of Voters Office, including a form of voter identification which satisfies the requirements of Louisiana Law to vote in Federal, State and Local elections." (Rec. Doc. 1, ¶13)

The Plaintiff alleges he went to Amite City Hall on October 24, 2015 to vote and presented a U.S. Government picture identification card. (Rec. Doc. 1, ¶¶14,16). The crux of plaintiff's complaint is: The polling employee of the Tangipahoa Parish Clerk of Court and Clerk Julian Dufreche rejected the picture identification and denied Plaintiff Johnny Duncan the right to vote. (Rec. Doc. 1, ¶19).

The only factual allegation made concerning the Registrar of Voters Office and/or Registrar of Voters John Russell is that the Registrar of Voters Office and Registrar John Russell "failed to provide African American male Johnny Duncan with a voter identification card that complies with LRS 18:652, and by doing so deprived him of the right to vote in Louisiana Primary Election of October 24, 2015." (Rec. Doc. 1, ¶26)

## II. LAW AND ARGUMENT

### A. Rule 12(b)(1)

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). "Eleventh Amendment immunity represents a real limitation on a federal court's federal-question jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-69, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997). Therefore, sovereign immunity is an issue properly brought in a motion under Fed. R. Civ. P. 12(b)(1).

"The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6)" except that the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in considering its subject matter jurisdiction over the cause(s) in the suit. *Williams v. Wynne,* 533 F.3d 360, 364-65 n. 2 (5th Cir. 2008)) (*citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir.1986) (stating that a court may dismiss for lack of subject matter jurisdiction based on either "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.")).

Rule 8 of the Federal Rules of Civil Procedure requires a pleading contain "a short and plain statement" of the Court's jurisdiction and "of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(A)(1), (A)(2). To satisfy Rule 8, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . ." *Id.* at 555 (citing 5C. Wright & Miller, Federal Practice and Procedure, § 1216, pp. 235-236 (3d. ed. 2004). Conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (quoting *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002).)

> As the Court held in *Twombly,* the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Twombly* 550 U.S. 544, 127 S.Ct. 1955) (additional internal citations omitted).

Similarly, if the plaintiff conclusorily avers jurisdiction but the pleaded facts show jurisdiction is absent, the case must be dismissed. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939) and *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir.1990). "A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) . . . [F]ederal courts lack power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit. . . ." *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 1832 n.2, 104 L. Ed. 2d 338 (1989) (internal quotations and citations omitted).

### B. The Eleventh Amendment bars suit against the Defendants Registrars

Accepting all well-pleaded factual allegations as true, this Court lacks subject matter jurisdiction to hear and decide Plaintiff's claims because the Registrar of Voters and his Office is entitled to sovereign immunity as being a State Official. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

This language has been interpreted to encompass not only suits brought against a state by citizens of another state, but suits against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Furthermore, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471, 105 S.Ct. 873 (1985) and *Kentucky v. Graham*, 473 U.S. 159, 165–166, 105 S.Ct. 3099, 3104–3105, 87 L.Ed.2d 114 (1985)) (additional citations omitted).

The Eleventh Amendment bars a suit against the State in federal court unless the state has waived its immunity. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F. 3d 273 (5th Cir. 2002). In *Cozzo*, the United States Court of Appeals for the Fifth Circuit recognized that, by statute, Louisiana refused any waiver of its Eleventh Amendment immunity from suits in federal court. *Id.* (citing La. R.S. 13:5106(A)). Additionally, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power; it did not do so when enacting §1983. *Will*, 491 U.S. at 66.

The Registrar Defendants have been determined to be State Officials.[1] In *Wilson*, the Plaintiffs sued the Defendant Registrar of Voters for violating their rights to vote. The Middle District of Louisiana ruled,[2]

> Defendant asserts multiple grounds for which his position as the Registrar of Voters is a state position. Specifically, Defendant supports this assertion by stating that: (1) the legislature provided for the office of the registrar of voters, (La. R.S. 18:51 et seq.) and provides for the registrar's compensation as required by Article XI § 5 of the Louisiana Constitution of 1974 in La. R.S 18:55; 2)the Attorney General has opined that the registrars of voters and his employees are properly classified as state, and not parish officials or employees, See La. Atty. Gen. Op. No. 85-355; and 3) The Commissioner of Elections is authorized to prescribe uniform rules and regulations subject to the approval of the Attorney General for to be used by the Registrar of Voters La. RS. 18:18 (3). Thus, Defendant offers persuasive authority to support his assertion that his position with the Registrar of Voters is a state position.
>
> Because Defendant demonstrates that his position as the Registrar of Voters is a state position, any claim for monetary relief against Defendant in this official capacity as the Registrar of Voters for the Parish of Ascension, State of Louisiana, constitutes a claim against the "State" and, therefore are barred by the Eleventh Amendment.

---

[1] See the Ruling in *Wilson, et al v. Poche*, 12-187 (M.D. La . 03/08/13)
[2] *Wilson v. Poche*, Ruling and Order, 12-187 at p. 3-4

## C. The Ex Parte Young doctrine is not applicable

A very narrow exception to Eleventh Amendment immunity, the *Ex Parte Young* doctrine exists. This narrow exception does not apply to the Attorney General in this case because the Plaintiffs cannot meet the requirements of the exception. In *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court recognized a narrow exception to the states' sovereign immunity. A state official in his or her official capacity may be sued for prospective injunctive relief to prevent or cure an ongoing violation of the Constitution or federal law.

"[W]e held that [i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Virginia Office for Prot. & Advocacy v. Stewart*, -- U.S. --, 131 S.Ct. 1632, 1639, 179 L.Ed.2d 675 (2011) (internal quotations and citations omitted). Furthermore, a plaintiff can only sue a state official if he has a sufficient connection to enforcement of the challenged act that he could actually implement any court-ordered relief.

> For a duty found in the general laws to constitute a sufficient connection, it must "include[ ] the right *and the power* to enforce the statutes of the state, including, of course, the act in question ..." *Id.* at 161, 28 S.Ct. 441 (emphasis added). Thus, any probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute.

*Okpalobi v. Foster*, 244 F.3d 405, 416-17 (5th Cir. 2001) (emphasis in original).

The Plaintiff fails to show that either the Registrar of Voters or his Office has the requisite connection with the enforcement of the act challenged necessary to establish the *Ex Parte Young* Exception. *See Okpalobi*, 244 F.3d at 410-411. Again, "any probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the

official to enforce the statute." *Id.* at 417. The only factual allegation made concerning the Registrar Defendants is that they "failed to provide African American male Johnny Duncan with a voter identification card that complies with LRS 18:652, (*sic*) and by doing so deprived him of the right to vote in Louisiana Primary Election of October 24, 2015." (Rec. Doc. 1, ¶26) Even presuming the Defendant is making reference to La. R.S. 18:562, the identification cards in question are not issued by the Registrar.

La. R.S. 18:562 details, with specificity, the procedure required for casting a ballot.

**A. Identification of voters.**

(1) A person who desires to vote in a primary or general election shall give his name and address to a commissioner, who shall announce the applicant's name and address to the persons at the polling place.

(2) Each applicant shall identify himself, in the presence and view of the bystanders, and present to the commissioners a Louisiana driver's license, a Louisiana special identification card issued pursuant to R.S. 40:1321, or other generally recognized picture identification card that contains the name and signature of the applicant. If the applicant does not have a Louisiana driver's license, a Louisiana special identification card, or other generally recognized picture identification card that contains the name and signature of the applicant, the applicant shall complete and sign an affidavit, which is supplied by the secretary of state, to that effect before the commissioners, which affidavit shall include the applicant's date of birth and mother's maiden name. If the applicant is unable to read or write or is otherwise unable to complete the affidavit due to disability, the applicant may receive assistance in completing the affidavit and the commissioner shall make a notation on the affidavit. The applicant may receive the assistance of any person of his choice, including a commissioner, except a candidate, commissioner-in-charge, the applicant's employer or employer's agent, or the applicant's union agent. The commissioners shall place the affidavit in the envelope marked "Registrar of Voters" and attach the envelope to the precinct register. However, an applicant who is allowed to vote without the picture identification required by this Paragraph is subject to challenge as provided in R.S. 18:565.

**B. Review of precinct register.** The commissioners shall then determine:

(1) If the applicant's name is found in the precinct register on the official list of voters and he has not voted absentee by mail or during early voting, one of the commissioners shall announce the applicant's name again.

7

(2) If the applicant's name is found in the precinct register on the inactive list of voters and has not voted absentee by mail or during early voting, the applicant may vote after complying with provisions of R.S. 18:196(B). After such compliance, one of the commissioners shall announce the applicant's name again and shall preserve the address confirmation card received from the voter by placing the address confirmation card in the envelope marked "Registrar of Voters" and attaching the envelope to the precinct register.

(3) If the name of a qualified voter was omitted from or incorrectly printed on the precinct register, the commissioner shall:
(a) Contact the registrar of voters to ascertain whether or not the person applying to vote is registered to vote in that precinct.
(b) In the absence of a valid challenge of the voter, allow the applicant to sign an affidavit before a commissioner attesting that he is a qualified registered voter and describing the error or omission in the voter records.
(c) Preserve the applicant's original affidavit as part of the election records by placing it in the envelope marked "Put in Voting Machine" and place the duplicate affidavit in the envelope marked "Registrar of Voters" and attach the envelope to the precinct register.

**C. Handwritten signature of the applicant.** If the applicant is able to sign his name, he shall sign his handwritten signature in ink in the space for his signature on the precinct register. When the applicant has submitted picture identification to the commissioners, the applicant's signature shall be compared to his signature on the picture identification. If the applicant is unable to sign his name, he shall make his mark in ink in the proper space on the precinct register.

**D. Procedure after identification.** If satisfied that the applicant has identified himself as the voter named on the precinct register and that he is qualified to vote, a commissioner shall initial the precinct register opposite the voter's signature or mark. ***The voter then shall be allowed to vote***. (Emphasis Added)

The bottom line, literally and figuratively, is that the voter ***shall be allowed to vote***. Even if Mr. Duncan did not have photo identification, the law clearly provides a provision for him to still be allowed to cast a ballot.[3]

---

[3] La. R.S. 18:562(A)(2), "If the applicant does not have a Louisiana driver's license, a Louisiana special identification card, or other generally recognized picture identification card that contains the name and signature of the applicant, the applicant shall complete and sign an affidavit, which is supplied by the secretary of state, to that effect before the commissioners, which affidavit shall include the applicant's date of birth and mother's maiden name.

The forms of photo identification referenced in La. R.S. 18:562(A)(2) are: i) a Louisiana driver's license, which is issued by the Louisiana Department of Public Safety Office of Motor Vehicles, and ii) a Louisiana special identification card issued pursuant to R.S. 40:1321. La. R.S. 40:1321 is entitled "Special identification cards; issuance; veteran designation;…"

> A. ***Any Louisiana resident*** may obtain a special identification card from the office of motor vehicles within the Department of Public Safety and Corrections, hereinafter referred to as "OMV". The identifying information and documents of identification required to obtain a special identification card shall be the same as those required to obtain a Louisiana driver's license, as stated in R.S. 32:409.1. However, if the applicant is seventeen years of age, the signature of the custodial parent or guardian shall not be required, provided the applicant has the necessary identifying information and documents.
>
> B. ***Each special identification card shall be accepted as valid identification of the person to whom it was issued when it is presented for the purpose of furnishing proof of that person's identification.*** (Emphasis Added).

Qualified electors in Louisiana may also utilize "other generally recognized picture identification card that contains the name and signature of the applicant" when voting. The Registrar Defendants are neither authorized nor empowered to issue any photo identification cards.

Additionally, the Registrar of Voters Office is not responsible for collecting and validating information on ***all*** citizens and issuing them a voter's registration identification card that meet the specifications of the law in order to vote in Federal, State and Local elections. (Rec. Doc. 1, ¶12)

The Registrar of Voters validates information only on citizens who initiate an attempt to register to vote to insure the applicant can become a qualified elector. The voter information card sent only to qualified electors has no photo and only contains statistical information of the districts in which the voter may cast a ballot.

The Registrar of Voters Office and Registrar of Voters John Russell administer Early Voting and Absentee by Mail Voting which are conducted *prior* to the October 24, 2015 Primary Election Date.[4] The Registrar of Voters Office and the Registrar do not participate in any activity at the polls on Election Day. Neither the Registrar of Voters Office nor the Registrar of Voters took any action to damage the plaintiff.

**Conclusion**

The Defendant Tangipahoa Parish Registrar of Voters Office and the Tangipahoa Parish Registrar of Voter have been found to be a State Official and are entitled to sovereign immunity under the Eleventh Amendment. The Plaintiff has also failed to state a claim against the Tangipahoa Parish Registrar of Voters Office and the Tangipahoa Parish Registrar of Voters for which relief can be granted. Therefore all claims against Tangipahoa Parish Registrar of Voters Office and the Tangipahoa Parish Registrar of Voters respectfully request that this Honorable Court dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted this 24th day of December, 2015.

JAMES "BUDDY" D. CALDWELL
ATTORNEY GENERAL

BY: _____
**WILLIAM P. BRYAN**
**ASSISTANT ATTORNEY GENERAL**
**DEPARTMENT OF JUSTICE CIVIL DIVISION**
1885 North Third Street, 6th Floor
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone No. 225-326-6029
Facsimile No. 225-326-6099
E-Mail Address:bryanb@ag.state.la.us
*Attorney for defendants, Tangipahoa Parish Registrar of Voters and Registrar of Voters John Russell*

---

[4] La. R.S. 18:1301, *et seq.*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 24th day of December 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record. Counsel of record not registered in the CM/ECF system were served via other means.

Baton Rouge, Louisiana, this 24th day of December 2015.

_____
William P. Bryan, III