La. Atty. Gen. Op. No. 85-355 (La.A.G.), 1985 WL 203618

Office of the Attorney General
State of Louisiana
Opinion No. **85-355**
May 23, 1985

*1 9 Civil Service Commission
26 Elections—Election of Officers
84 Parishes
90-A-1 Political Subdivisions-officers, agents and employees
92-A-1 Registrar of Voters Art. XI, § 1 La. Constitution of 1974 Art. X, § 10 La. Constitution of 1974 R.S. 18:59(H), 18:56, 18:55

The Registrar of Voters and his employees are properly classified as state and not parish officials or employees. The Registrar of Voters, their confidential assistants and chief deputies are unclassified officers or employees. Other permanent employees of the Registrar of Voters are classified employees unless those positions are placed in the unclassified service by the commissioner. The classified employees are entitled and earn leave pursuant to Chapter 11 of the Civil Service Rules. The unclassified employees or officials earn leave pursuant to rules and regulations promulgated by the Commissioner of Elections. Insofar as and in the proportion that a parish governing authority is obligated to pay salaries of these employees or officials, this obligation includes a corresponding obligation for leave as established by the Civil Service Commission or the Commissioner of Elections.

Honorable Jerry Fowler
Commissioner of Elections
P.O. Box 14179
Baton Rouge, Louisiana 70898-4179

Dear Mr. Fowler:

We are in receipt of your letter dated April 22, 1985, in which you have requested an opinion relative to, 1) the status of the registrar of voters and his employees as state or parish officials or employees; 2) their entitlement and basis or procedure for earning accrued, sick and compensatory leave; and 3) a parish governing authority's liability for compensating same.

REGISTRAR DEFENDANTS
EX B

*After a thorough review of the applicable provisions and jurisprudence for the reasons that follow, it is the opinion of this office that the registrar of voters and his employees are properly classified as state and not parish officials or employees.* **[Emphasis Added]**

Article XI § 1 of the Louisiana Constitution of 1974 provides that 'the legislature shall adopt an election code which shall provide for permanent registration of voters . . .'. Article XI § 5 further provides that, 'the governing authority of each parish shall appoint a registrar of voters whose compensation . . . shall be provided by law.' Article XI § 5  further provides that 'no law shall provide for the removal from office of a registrar by the appointing authority. The legislature has provided for the registrar's compensation as required by Article XI § 5  (La. Const. 1974) in La. R.S. 18:55. The salaries are annually based on population figures, payment of which is apportioned between the state and the parish. In addition, the Election Code provides for appointment by the registrar and the salaries or the chief deputy registrar of voters and the confidential assistant to the registrar of voters in La. R.S. 18:59, which is also an annual salary based on population figures and apportioned between the state and the parish. La. R.S. 18:56 also permits the above salaries, as provided by law, to be supplemented by the parish governing authorities.

*2 Louisiana R.S. 18:59 further provides that the salaries of permanent employees other than those stated above shall be apportioned between the state and the parish.
Considering the functions and control of the positions as established by the above mentioned provisions, it is the opinion of this office that these positions are in the nature or status of state positions regardless of the source of the funds used to pay for such employment.

In the recent case of *City of New Orleans v. State*, 426 So.2d 1318 (La. 1983), the Supreme Court, considering the restriction on the state's power to enact legislation requiring the expenditure of funds by local political subdivisions found in Article 6, § 14 (La. Const., 1974), held that the limitation was inapplicable to La. R.S. 18:59 and other statutes because the salaries involved were being paid to state employees and not to city employees.

We also find La. R.S. 18:59.2 further authority for this Article X, Section 10 of the specifically refers to the positions in question as 'positions for state employees'.

Finally the constitutional articles cited later in this opinion, relative to the state civil service, also supports this conclusion. Having determined that permanent employees of the registrars of voters are state employees, we now turn to their entitlement and basis or procedure for earning leave. In this respect we will distinguish between classified and unclassified employees.

Article X § 10 of the Louisiana Constitution of 1974 provides in pertinent part as follows: (A) State Civil Service. The state civil service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, any joint state and federal agency, joint state and parochial agency or joint state and municipal agency, regardless of the source of the funds used to pay for such employment. It shall not include persons holding offices and positions of any municipal board of health or local governmental subdivision. (Emphasis Added)

The state civil service is divided into the unclassified and the classified service. Persons not included in the unclassified service are in the classified service.  Article X § 2, La. Const. 1974. The registrars of voters, confidential assistants and chief deputies of the registrars of voters are listed as unclassified officers or employees in the state civil service under Article X § 2(4) and (7) of the Louisiana Constitution of 1974. Other permanent employees of the registrars of voters are therefore state classified employees unless the positions are placed in the unclassified service by the commissioner. As such they are subject to the rules and regulations enacted by the state civil service pursuant to article X. See Chapter 11 of the Civil Service Rules, relative to annual, sick, and other forms of leave. These rules and regulations have the force and effect of law.

*3 Louisiana Revised Statute 18:59(H) provides in pertinent part as follows:

> The portion of the salaries of permanent employees, other than registrars, chief deputies, and confidential assistants, which is being paid by the state on the effective date of this section in 1983 shall be paid by the state and the portion of such salaries being paid by the parish governing authority on the effective date of this Section in 1983. The state shall pay one-half the salary and the parish governing authority shall pay one-half the salary of such permanent employees who are employed after the effective date of this Section in 1983.

Chapter 11 of the Civil Service Rules provide that these employees shall earn sick and annual leave and the procedures therefore. We think that insofar as and in the proportion that a parish governing authority is obligated to pay the salaries of these employees pursuant to La. R.S. 18:59(H), this obligation includes a corresponding obligation for sick, annual and accrued leave pursuant to Chapter 11 of the Civil Service Rules.

The Registrar of Voters, chief deputies and confidential assistants are in the state unclassified civil service pursuant to Article X § 2 of the Louisiana Constitution. As such, they are not subject to the civil service rules.

In addition to determining the registrar of voters, their chief deputies and confidential assistants are state officials, we have also determined that as such they belong to the Executive Branch of state government. Article IV § 1(A) Louisiana Constitution (1974).

Article IV, § 1(B) Louisiana Constitution (1974) requires that all offices, agencies and other instrumentalities, their functions, powers, duties and responsibilities shall be allocated according to function within one of twenty departments. Article IV, § 12 Louisiana Constitution (1974) establishes a Department of Elections and Registration with the Commissioner of Elections as the head of the department and administer of the laws relating to custody of voting machines and voter registration, having those powers and duties authorized by law. The Registrar of Voters, their chief deputies and confidential assistants, according to function fall within the Department of Elections and Registration. They are subject to the direction of the Commissioner of Elections with respect to matters pertaining to the registration of voters. La. R.S. 18:18(2); 18:58. The Commissioner is authorized to prescribe uniform rules and regulations subject to the approval of the Attorney General for general procedures to be used by the Registrar of Voters. La. R.S. 18:18(3). We think that as head of the Department of Elections and Registration, the Commissioner has the implied authority to promulgate uniform rules relative to the earning of annual, sick and other forms of leave by the registrars and the other unclassified officials and employees.

Our conclusion regarding the obligation of the parish governing authorities to compensate these unclassified state employees is the same as our conclusion relative to the state classified employees. Insofar as and in the proportion that a parish governing authority is obligated or elects to pay salaries of these officials pursuant to La. R.S. 18:56, 18:55 and 18:59, this obligation includes a corresponding obligation for sick, annual and accrued leave as established by the Commissioner of Elections.

*4 Hoping this has satisfactorily answered your inquiry, I am

Sincerely,
William J. Guste, Jr
Attorney General
By: L. Adrienne Dupont
Staff Attorney

La. Atty. Gen. Op. No. 85-355 (La.A.G.), 1985 WL 203618