UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | NO. 15-5486 |
| VERSUS | SECTION: B – LEMELLE |
| STATE OF LOUISIANA, *et al.* | MAG. JUDGE: 1 – SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6)

MAY IT PLEASE THE COURT

NOW INTO COURT, through undersigned counsel, come the Defendants Tangipahoa Parish Registrar of Voters Office and John Russell in his official capacity as Tangipahoa Parish Registrar of Voters, (collectively "Registrar Defendants") who move this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the above-entitled action on the ground that, as demonstrated by the following, it fails to state a claim on which relief may be granted.

### I.   PROCEDURAL HISTORY AND ALLEGATIONS

Plaintiff has sued several defendants for denying him the right to vote in the October 24, 2015 election. He claims the Registrar of Voters Office issues voters "a voter registration card, without the required picture identification that was demanded of plaintiff to vote in the Louisiana Primary Election on October 24, 2015. (Rec. Doc. 1, ¶11)

Plaintiff further claims the Registrar of Voters Office is responsible for collecting and validating information on citizens and issuing them a voter's registration identification card that meet the specifications of the law in order to vote in Federal, State and Local elections. Plaintiff was not issued the required picture identification by this defendant which resulted in other defendants rejecting the picture identification which plaintiff did present." (Rec. Doc. 1, ¶12)

Finally, the Plaintiff claims that "Registrar Russell is tasked with the operation of the Tangipahoa Parish Registrar of Voters Office, including a form of voter identification which satisfies the requirements of Louisiana Law to vote in Federal, State and Local elections. (Rec. Doc. 1, ¶13)

Plaintiff alleges he went to Amite City Hall on October 24, 2015 to vote and presented a U.S. Government picture identification card. (Rec. Doc. 1, ¶¶14,16). The crux of plaintiff's complaint is: The polling employee of the Tangipahoa Parish Clerk of Court and Clerk Julian Dufreche rejected the picture identification and denied Plaintiff Johnny Duncan the right to vote. (Rec. Doc. 1, ¶19).

The only factual allegation made concerning the Registrar of Voters Office and/or Registrar of Voters John Russell is that the Registrar of Voters Office and Registrar John Russell "failed to provide African American male Johnny Duncan with a voter identification card that complies with LRS 18:652, and by doing so deprived him of the right to vote in Louisiana Primary Election of October 24, 2015." (Rec. Doc. 1, ¶26)

## I.    LAW AND ARGUMENT

### A. Rule 12(b)(6)

Motions filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss for failure of the complaint to state a claim on which relief can be granted. While a complaint need not have detailed factual allegations, a plaintiff does have the obligation to provide the grounds for his entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). The complaint must contain enough factual material to let the court draw the reasonable inference that the defendant is liable based on the misconduct alleged. *Id.*

The plaintiff must plead enough facts to state a claim for relief that is plausible on its face. *Id.* at 570. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 1965. Conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

Therefore, assuming all of the facts raised in Plaintiff's Complaint are true, the complaint fails to state a claim on which relief may be granted as to the Registrar Defendants, all of which is more fully shown by the memorandum attached to this motion and incorporated by reference.

### B. The Plaintiff has failed to state a claim against the Registrar Defendants for which relief may be granted

Accepting all well-pleaded factual allegations as true, the plaintiff has failed to connect the Registrar Defendants to any damage Mr. Duncan has alleged to have received. The only factual allegation made concerning the Registrar of Voters Office and/or Registrar of Voters John Russell is that the Registrar of Voters Office and Registrar John Russell "failed to provide African American male Johnny Duncan with a voter identification card that complies with LRS

3

18:652, and by doing so deprived him of the right to vote in Louisiana Primary Election of October 24, 2015." (Rec. Doc. 1, ¶26)

Assuming the plaintiff is referencing La. R.S. 18:562, the statute describes the forms of photo identification and even identifies the agency from which the identification is provided. The Registrar Defendants have neither the authority, resources, or capability to provide photo identification cards to registered voters, nor is a photo identification card even required to be presented in order to cast a ballot. La. R.S. 18:562 specifically enumerates the procedures necessary to follow in order to cast a ballot, and a provision is provided in the event the elector does not have a photo identification card.

Additionally, the damage alleged to have been caused to the plaintiff occurred at a polling place on October 24, 2015, which was the Primary Election Day. The Registrar Defendants are not involved in Election Day voting such as to prevent Mr. Duncan from being able to cast a ballot. The Registrar Defendants are responsible for Absentee By Mail and Early Voting[1] and only provide information on whether an elector is qualified to cast a ballot at a particular precinct. The Registrar Defendants are not present at the polling place on Election Day to be in a position to deny an elector the opportunity to cast a ballot contingent upon failing to produce a photo identification card. The law does not even require a qualified elector to produce a photo identification card in order to cast a ballot. The very statute cited by the plaintiff provides an opportunity for a qualified elector who has no photo identification card to vote after signing an affidavit which provides specific identifying information.[2]

---

[1] See, La. R.S. 18:1301, *et seq*
[2] La. R.S. 18:562 (A)(2)

4

**CONCLUSION**

The plaintiff has failed to state a claim against the Registrar Defendants for which relief can be granted. The plaintiff cannot demonstrate that the Registrar Defendants could, nor did, cause the damage he alleges. The photo identification cards described in the very statute which the plaintiff claims was violated by the Registrar Defendants are currently being provided by the Office of Motor Vehicles within the Department of Public Safety. Additionally, the statute which the plaintiff claims was violated by the Registrar Defendants for failing to issue him a photo identification card in order to vote, does not even require a photo identification card in order to cast a ballot.

The Registrar Defendant respectfully requests that this Honorable Court dismiss this claim as to the Registrar Defendants for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 27th day of December, 2015.

JAMES "BUDDY" D. CALDWELL
ATTORNEY GENERAL

BY: _____
WILLIAM P. BRYAN
ASSISTANT ATTORNEY GENERAL
DEPARTMENT OF JUSTICE CIVIL DIVISION
1885 North Third Street, 6th Floor
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone No. 225-326-6029
Facsimile No. 225-326-6099
E-Mail Address:bryanb@ag.state.la.us
*Attorney for defendants, Tangipahoa Parish Registrar of Voters and Registrar of Voters John Russell*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 27th day of December 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record. Counsel of record not registered in the CM/ECF system were served via other means.

Baton Rouge, Louisiana, this 27th day of December 2015.

_____
William P. Bryan, III