IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHNNY DUNCAN            CIVIL ACTION NO. 15-5486

VERSUS            JUDGE I LEMELLE; MAG. S. SHUSHAN

STATE OF LOUISIANA, *ET AL*            TRIAL BY JURY DEMANDED

---

Plaintiff's Opposition to Defendants 12(b)(1) and 12(b)(6) Motions

---

Comes now into Court, *in proper person, in forma pauperis*, African American, male Plaintiff, Johnny Duncan to object to Defendants 12(b)(1) and 12(b)(6) Motions on the following basis[1]:

1.

Throughout the original complaint, defendants were named in their individual and official capacities (See Doc. 1, Paragraphs 7, 10 and 12);

2.

Qualified immunity does not exist when a defendant violates a *clearly established* and *well-settled right*;

---

[1] With the highest degree of unprofessionalism, defense counsel has poisoned the atmosphere of this court by unethically begging and receiving preferential treatment from the Court after it failed to comply with Local Rule 7.8 time requirements for filing initial pleadings!

3.

Plaintiff Johnny Duncan's right to vote is "a clearly established federal statutory or constitutional right[s] of which a reasonable party would have known." (*Harlow v. Fitzgerald*, 457 U. S. 818 (1982);

4.

A right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." (*Wooley v. City of Baton Rouge*, 211 F. 3d 913, 919 (5th Cir. 2000);

5.

It is well-settled that African American Plaintiff Johnny Duncan was entitled to vote in the Louisiana Primary Election on October 24, 2015, and was denied right to vote by defendants;

6.

Named and unnamed defendants in their individual and official capacities did conspire to deny and did deny African American Male Plaintiff, Johnny Duncan the "right to vote" on October 24, 2015 in the Louisiana Primary Election;

7.

Defendants 12(b)(1) and 12(b)(6) Motions are without merit and must be denied, as a matter of law;

Done this the 9th Day of January 2016 at Amite, Louisiana.

RESPECTFULLY SUBMITTED BY:

_____
Johnny Duncan
309 South Third Street
Post Office Box 723
Amite, Louisiana 70422
(985) 474-2565

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION NO. 15-5486 |
| VERSUS | JUDGE I LEMELLE; MAG. S. SHUSHAN |
| STATE OF LOUISIANA, *ET AL* | TRIAL BY JURY DEMANDED |

Memorandum in Support Plaintiff's Opposition to Defendants 12(b)(1) and 12(b)(6) Motions

MAY IT PLEASE THE COURT:

TENDERED FOR FILING

JAN 1 1 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**LAW AND ARGUMENT**

**12(b)(1)**

In Paragraphs 7, 10, 12 and throughout the Original Complaint, Plaintiff Johnny Duncan refers to the defendants in their individual and official capacities. *In Proper Person* African American Plaintiff, Johnny Duncan is an American citizen and had the *clearly established* right to vote in the Louisiana Primary Election on October 24, 2015 (*Jones v. City of Jackson*, 203 F. 3d 875, 879 (5th Cir. 2000). From the promulgation of the Fifteen Amendment through passage of the Voting Rights Act in 1865, it is *well-settled* that African American Male Plaintiff, Johnny

Duncan had the right to vote in the Louisiana Primary Election on October 24, 2015. A right is *clearly established* only if its contours are, reasoned the 5th Circuit, sufficiently clear that a reasonable official would understand that what he is doing violates that right." (*Wooley v. City of Baton Rouge*, 211 F. 3d 913, 919 (5th Cir. 2000). Plaintiff's right to vote is a constitutional question that "is beyond debate". (*Morgan v. Swanson*, 659 F. 3d 359, 370-71 (5th Cir. 2011 *en banc*). The poll worker who denied Plaintiff the right to vote on October 24, 2015 should have understood that denying plaintiff the right to vote was a clear violation of the law.

On October 24, 2015 when defendants denied African American Plaintiff, Johnny Duncan the right to vote in the Louisiana Primary Election, the law was *clearly established* and *well-settled*. Because the law was so *clearly established* and *well-settled*, defendants' claims of qualified immunity are not sustainable. As the Court noted in *Wooley*, to the workers at the polling place at the Amite City Hall, it should have been "sufficiently clear that a reasonable official would understand that what [she] is doing violates that right." Defendants Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters Office participated in meetings and discussions concerning voting identification requirements. Upon information and belief, Plaintiff was denied the right to vote on October 24, 2015 because the defendant did not provide enough training to the poll workers to prevent them from denying plaintiff the right to vote, a failure which has result in this litigation.

Unlike defense counsel states, *plaintiff does not claim that Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters Office failed to provide him with or was required to provide him with a pictured ID card.* This is strictly a conclusionary fairy tale

of defense counsel. Providing plaintiff and the voters of Louisiana with a pictured voter registration card is one of the remedies that plaintiff seeks in the outcome of this litigation.

### 12(b)(6)

In it 12(b)(6) conclusionary tale, counsel for defendants again attempts to mislead the Court into believing that plaintiff is suing Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters Office because they failed to issue him a picture voters registration card. This is a claim of defendants and not of plaintiff. Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters Office did conspire to participate in meetings and discussions and did participate in meetings and discussions in which voter identification was discussed or should have been discussed. The failures of named and unnamed defendants to properly train their polling workers caused said workers to deny plaintiff the right to vote on October 24, 2015. Allow plaintiff to reiterate that Defendants and/or their representatives participated in these sessions with Clerk of Court Julian DuFreche and the other defendants. The dates and time of these sessions will be requested during discovery. Plaintiff alleges one fact that is as plain as the noses on defendants' faces: **Defendants did conspire to deny and did deny plaintiff the right to vote in Louisiana Primary Election on October 24, 2015.** (*Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955 (2007). *Providing plaintiff and other voters in Louisiana with a pictured identification is one of the remedies that plaintiff requests of the defendants once he prevails in this litigation.* By making baseless claims about defendants not issuing plaintiff a picture ID card are self-serving arguments created by defendants to conceal the fact that defendants violated Plaintiff's Johnny Duncan's *clearly established* and *well-settled* right

to vote on October 24, 2015. Defendants' 12(b)(1) and 12(b)(6) Motion to Dismiss must be denied as a matter of law.

## CONCLUSION

African American Male Plaintiff, Johnny Duncan is the victim in this litigation. In Texas and locations throughout heart and breath of this nation, pictured voter registration identification has become an issue. Here in Louisiana plaintiff has been victimized by having his right to vote taken away. To insure that not another qualified citizen is deprive of his or her constitutional right to vote, plaintiff seeks to close the loophole in Louisiana voter registration picture identification requirement by having the defendants issue a standardized voter registration card with picture identification that meet the requirements of LRS 18:652. It would seem that the State of Louisiana would be doing everything in it power to resolve this litigation and reach some type of amicable and workable solution to the pictured voter registration requirement. Instead, the State has circled the wagons and prepared for a war of attrition with taxpayers' money to wage a legal battle against another tax payer who is simply trying to simplified the voter registration picture identification requirement. With all the hoopla about picture identification, in the twenty or so years that plaintiff has been voting at the polling place in the Amite City Hall, defendants have not on a single occasion asked him for his voter registration card. Poll workers take for granted that a person is registered, and calls his or her name to identify that person on the voters' roll. This is what should have happened to plaintiff on October 24, 2015, but it did not. From the pictured and non-pictured forms of identification that plaintiff provided to the poll worker, Plaintiff's name was never called to verify that he was

on the voters' roll.  The poll worker did not ask plaintiff to sign an affidavit or to perform any other act which would allow him to vote. The person waiting on plaintiff did not confer with a commissioner, supervisor or anyone else who could have kept plaintiff from being denied the right to vote. On October 24, 2015, plaintiff's right to vote was *clearly established* and *well-settled*, thereby barring defendants' claims to qualified immunity.  Any reasonable person should have known that denying plaintiff the right to vote was a violation of the law.

**WHEREUPON**, for all the above and forgoing reasons, *in proper person*, African American Male Plaintiff, Johnny Duncan beseeches this Great Court to deny Defendants Tangipahoa Parish Registrar of Voter John Russell and Tangipahoa Parish Registrar of Voters' Office Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss, as a matter of law.

Done this the 9th Day of January, 2016 at Amite, Louisiana.

RESPECTFULLY SUBMITTED BY:

*/s/ Johnny Duncan*
Johnny Duncan
309 South Third Street
Post Office Box 723
Amite, Louisiana 70422
(985) 474-2565

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th Day of January, 2016—I placed a true and correct copy of Plaintiff's Objection to Defendants' 12(b)(1) and 12(b)(6) Motions to Dismiss and Memorandum in Support in the United States Post Office at Amite, Louisiana 70422 and forwarded it to Defendants through counsel at the following addresses:

Douglas Swenson
Assistant Attorney General
LA Department of Justice Litigation Division
1885 North Third Street, 4th Floor
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005

William P. Bryan, III
Assistant Attorney General
LA Department of Justice Litigation Division
1885 North Third Street, 4th Floor
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005

Glen R. Galbraith
**SEALE & ROSS, PLC**
Post Office Box 699
Hammond, Louisiana 70404

Grant Guillot/E. Wade Shows, John C. Walsh/Katheryn A. Dufrene
**SHOWS, CALI & WALSH, LLP**
628 Saint Louis Street
Baton Rouge, Louisiana 70802

Thomas H. Huval/Stefeni W. Salles
532 East Boston Street
Covington, Louisiana 70403

_/s/ Johnny Duncan_
Johnny Duncan

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION NO. 15-5486 |
| | SECTION: "B" |
| VERSUS | JUDGE IVAN LEMELLE |
| | MAG.; SALLY SHUSHAN |
| STATE OF LOUISIANA, *ET AL* | TRIAL BY JURY DEMANDED |

ORDER

**Having considered** Plaintiff's Motion Objections to Defendants' 12(b)(1) and 12(b)(6) Motions to Dismiss, Defendants' Motions to Dismiss are denied.

Done this the _____ Day of _____, 2016 at New Orleans.

_____
HONORABLE IVAN LEMELLE
UNITED STATES JUDGE
EASTERN DISTRICT OF LOUISIANA

TENDERED FOR FILING

JAN 1 1 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Johnny Duncan
309 South Third Street
Amite, Louisiana 70422

CLERK OF COURT EDLA
FEDERAL COURT HOUSE
500 Poydras Street, Room C-151
New Orleans, LA 70130





U.S. POSTAGE
PAID
AMITE, LA
70422
JAN 09, 16
AMOUNT
$1.42
R2305H127624-02