

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHNNY DUNCAN                  CIVIL ACTION NO. 15-5486

VERSUS                               JUDGE I. LEMELLE; MAG. S. SHUSHAN

STATE OF LOUISIANA, *ET AL*         TRIAL BY JURY DEMANDED

---

Plaintiff's Opposition to Defendants Secretary of State Tom Schedler and Office of Secretary of State's 12(b)(1) and 12(b)(6) Motions to Dismiss

---

Comes now into Court, *in proper person, in forma pauperis*, African American, male Plaintiff, Johnny Duncan to object to Defendants 12(b)(1) and 12(b)(6) Motions on the following basis:

1.

In the Original Complaint (Rec. Doc. 1) and throughout these proceeding plaintiff has identified himself as an African American, a member of a protected class and subject to the various laws, remedies and guidelines which so apply;

2.

Qualified immunity does not exist for government officials when a he or she violates a *clearly established* and *well-settled right*;

3.

Plaintiff Johnny Duncan's right to vote is "a clearly established federal statutory or constitutional right[s] of which a reasonable party would have known." (*Harlow v. Fitzgerald*, 457 U. S. 818 (1982);

4.

A right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." (*Wooley v. City of Baton Rouge*, 211 F. 3d 913, 919 (5th Cir. 2000);

5.

It is well-settled that African American Plaintiff Johnny Duncan was entitled to vote in the Louisiana Primary Election on October 24, 2015, and was denied right to vote by defendants;

6.

Defendants Louisiana Secretary of State Tom Schedler and/or his representatives and Louisiana State Secretary of State Office's agent and/or representatives and Tangipahoa Parish did convene meetings and participate in training sessions with other defendants to appoint members of the Tangipahoa Parish Voting Commission, who in term selected the Voting Commissioner Patricia Hughes-Sims, who conspired to deny and did deny plaintiff the right to vote in the October 24, 2015 Louisiana Primary Election;

7.

Defendants Louisiana Secretary of State Tom Schedler and/or his representatives and Louisiana State Secretary of State Office's agent and/or representatives and the other defendants did organize training sessions in which they discussed the pictured identification requirement under Louisiana law as well as the duties and responsibilities of Tangipahoa Parish voting

commissioners and/or poll workers with regard to plaintiff's right to vote in the October 24, 2015 Louisiana Primary Election, a right which Commissioner Patricia Hughes-Sims did conspire to deny and did deny him;

8.

Defendants Louisiana Secretary of State Tom Schedler and/or his representatives and Louisiana State Secretary of State Office's agents and/or representatives, Commissioner Patricia Hughes-Sims and the other defendants knew or should have known that it was illegal for plaintiff to be denied the right to vote in the October 24, 2015 Louisiana Primary Election, but did nothing in their power as enforcers of Louisiana Election Code to prevent their employers/agents/commissioners from conspiring to deny and from denying plaintiff the right to vote on October 24, 2015;

9.

*Defendants Secretary of State Tom Schedler and the Secretary of State Office have established a continuing pattern of practice of violating their own voting requirements by not asking plaintiff and other voters for registration cards, but instead for pictured identification,* thereby creating an *Ex Parte Young* bar to immunity under the Eleventh Amendment;

10.

The Louisiana Revised Statutes do not specify the pixel contents or the dots per inch (dpi) that is required for an acceptable form of picture identification;

11.

Plaintiff's right to vote gives him a voice on property matters such as taxation, and any other issues deemed in the interest of his life and his liberty, as such defendants deprived plaintiff of life, liberty and property when they denied him the right to vote; (*Davis v. Young*, No. 14-31242,

2015 WL 5131669, at *3 (5th Cir. Sept. 2, 2015), citing *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995).

12.

The remedies sought in this litigation, monetary and otherwise, are sought as both corrective and deterrents to any such future violations by named and unnamed defendants;

**WHEREFORE**, for all the above and foregoing reasons, *In Proper Person*, African American Plaintiff, Johnny Duncan implores this Great Court to Deny Defendants 12(b)(1) and 12(b)(6) Motions to Dismiss, as a matter of law.

Done this the 20th Day of January 2016 at Amite, Louisiana.

RESPECTFULLY SUBMITTED BY:

*/s/ Johnny Duncan*
Johnny Duncan
309 South Third Street
Post Office Box 723
Amite, Louisiana 70422
(985) 474-2565

Johnny Dupcasy
309 S. 3rd St.
P.O. Box 723
Amite, LA 70422

Clerk of Court Tele
U.S. Courthouse
500 Poydras St., Room C-151
New Orleans, LA 70130



U.S. POSTAGE PAID
AMITE LA
70422
AMOUNT
$2.08
R2305H127603-04

1000
70130