IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION NO. 15-5486 |
| VERSUS | JUDGE I LEMELLE; MAG. S. SHUSHAN |
| STATE OF LOUISIANA, *ET AL* | TRIAL BY JURY DEMANDED |

TENDERED FOR FILING
JAN 21 2016
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

---

Memorandum in Support Plaintiff's Opposition to Defendants 12(b)(1) and 12(b)(6) Motions

---

MAY IT PLEASE THE COURT:

### BACKGROUND AND HSITORY

Dark-skinned, African American male, Plaintiff Johnny Duncan brought the current lawsuit against Defendants State of Louisiana, Secretary of State Tom Schedler, Office of Secretary of State, Tangipahoa Parish Clerk of Court Julian DuFreche, Tangipahoa Parish Clerk of Court Office, Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters Office for denying him the right to vote in the October 24, 2015 Louisiana Primary Election. Defendants' conduct in this litigation have opened some old wounds based on color,[1] race and

---

[1] *Jones v. Robinson Prop. Group, L. P.*, 427 F. 3d 987, 993; *Etienne v. Spanish Lake Truck &Casino Plaza, L. L. C.*, NO. 14-30026 (5th Cir. Feb. 3, 2015).

gender. Plaintiff has been subjected to the "brown bag test". At the polling place where plaintiff was denied the right to vote, all of the workers were light-skinned African American females. Patricia Hughes-Sims was the mulatto-complexioned female voting commissioner who denied plaintiff the right to vote. Her skin tone is at least two (2) shades lighter than that of dark-skinned African American Male Plaintiff, Johnny Duncan. At the time that Hughes-Sims denied plaintiff the right to vote, all of the commissioners at the polling place at the Amite City Hall were female. All of the commissioners had complexions lighter than that of dark-skinned plaintiff. In the absence of any legitimate reason for denying plaintiff the right to vote, exculpatory evidence suggests that Commissioner Patricia Hughes-Sims' decision to deny plaintiff was because of his dark complexion and/or his gender.

## PATTERNS OF PRACTICE

Louisiana Secretary of State Tom Schedler and Secretary of State's Office routinely violates its voting requirement by not asking voters for voter registration cards, but instead for picture identification. Plaintiff filled out the voter registration application in order to obtain a voter registration card, which plaintiff thought was a prerequisite to voting. In order to get a voter registration card, plaintiff had to sign and enter into a *contractual agreement* with defendants to abide by the terms set forth on the voter registration application. (*Green v. State Bar of* Texas, 27 F.3d 1083, 1086 (5th Cir. 1994). However, in the twenty (20) or so years that plaintiff has voted or attempted to vote, the polling commissioners have never asked plaintiff for a voter registration card. Instead, they have established a continuing pattern of practice of requiring an external pictured identification card instead of an internally issued voter registration

card, suggesting to the Court that the pictured identification has *supplanted the voter registration card as a required document for voting.* In a nutshell, defendants violated their own voter registration requirement and invalidated the purpose of a valid voter registration card by not requiring its use in order to vote.

The voter registration card contains information that other external identification cards do not. External identification cards contain information (address) that conflict with information on a voter registration card which can allow an unqualified voter to vote and run for office out of district. In 2004 Defendant Julian DuFreche, after serving as mayor of Ponchatoula, Louisiana, reminded plaintiff: *"we don't let people run for office who don't live in the city."* This comment was made in regards to the election of Mayor Reginald Goldsby, who lives outside of Amite City, but who had manipulated the voter registration process to run for a city wide position. During his tenure in Office as Clerk of Court Defendant DuFreche has done nothing to prevent unqualified electors from seeking office in a district where they do not reside. Defendants Secretary of State and Secretary of State Office's failure to enforce the voter registration card law enabled Reginald Goldsby to defeat plaintiff in the mayor's race in 1996, 2000, 2004.[2] In 2012, defendants allowed mayor candidate Milton "Buddy" Bel to use his voter registration card and external pictured identification to manipulate the electoral process and win election in the City of Amite, where he does not live. What is so pervasive and disgusting about these illicit tactics is that plaintiff was victimized four (4) times by the unscrupulous persons who used the

---

[2] Plaintiff has person knowledge of the residencies of Reginald Goldsby because he has provided law care at Goldsby's home. Plaintiff has personal knowledge of Milton Bel's residency because he has performed odd labors at the home on Anderson Lane for the past twenty years, and as late as October 10, 2016 delivered firewood to the residence.

interchangeability of external voter identification and internal voter registration card to circumvent the Voting Rights Act and the 15th Amendment. Defendants Secretary of State Tom Schedler and Secretary of State Office, who are charged with enforcing the voting laws, did nothing to prevent unqualified electors from qualifying for and running for offices in district where they did not live. (*Ex Parte Young*).

## LAW AND ARGUMENT

### 12(b)(1)

In Paragraphs 7, 10, 12 and throughout the Original Complaint, Plaintiff Johnny Duncan refers to the defendants in their individual and official capacities. *In Proper Person* African American Plaintiff, Johnny Duncan is an American citizen and had the *clearly established* right to vote in the Louisiana Primary Election on October 24, 2015 (*Jones v. City of Jackson*, 203 F. 3d 875, 879 (5th Cir. 2000). From the promulgation of the Fifteen Amendment through passage of the Voting Rights Act in 1865, it is *well-settled* that African American Male Plaintiff, Johnny Duncan had the right to vote in the Louisiana Primary Election on October 24, 2015. A right is *clearly established* only if its contours are, reasoned the 5th Circuit, sufficiently clear that a reasonable official would understand that what he is doing violates that right." (*Wooley v. City of Baton Rouge*, 211 F. 3d 913, 919 (5th Cir. 2000). Plaintiff's right to vote is a constitutional question that "is beyond debate". (*Morgan v. Swanson*, 659 F. 3d 359, 370-71 (5th Cir. 2011 *en banc*). The poll worker who denied Plaintiff the right to vote on October 24, 2015 should have understood that denying plaintiff the right to vote was a clear violation of the law.

On October 24, 2015 when defendants denied African American Plaintiff, Johnny Duncan the right to vote in the Louisiana Primary Election, the law was *clearly established* and *well-settled*. Because the law was so *clearly established* and *well-settled*, defendants' claims of qualified immunity are not sustainable. As the Court noted in *Wooley*, to Voting Commissioner Patricia Hughes-Sims, it should have been "sufficiently clear that a reasonable official would understand that what [she] is doing violates that right." Defendants Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters Office participated in meetings and discussions concerning voting identification requirements. Upon information and belief, Plaintiff was denied the right to vote on October 24, 2015 because the defendant did not provide adequate training for Voting Commissioner Patricia Hughes-Sims to prevent her from denying plaintiff the right to vote, a failure which has result in this litigation.

Unlike defense counsel states, *plaintiff does not claim that Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters Office failed to provide him with or was required to provide him with a pictured ID card.* This is strictly a conclusionary fairy tale of defense counsel. Providing plaintiff and the voters of Louisiana with a pictured voter registration card is one of the remedies that plaintiff seeks in the outcome of this litigation.

### 12(b)(6)

In it 12(b)(6) conclusionary fairy tale, counsel for defendants again attempts to mislead the Court into believing that plaintiff is suing Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters Office because they failed to issue him a picture voters registration card. This is a claim of defendants and not of plaintiff. Tangipahoa Parish Registrar

of Voters John Russell and Tangipahoa Parish Registrar of Voters Office did conspire to participate in meetings and discussions and did participate in meetings and discussions in which voter identification was discussed or should have been discussed. The failures of named and unnamed defendants to properly train their polling workers caused those workers to deny plaintiff the right to vote on October 24, 2015. Allow plaintiff to reiterate that Defendants and/or their representatives participated in these sessions with Clerk of Court Julian DuFreche and the other defendants. The dates and time of these sessions will be requested during discovery. Plaintiff alleges one fact that is as plain as the noses on defendants' faces: Voting Commissioner Patricia Hughes-Sims and the other Defendants did conspire to deny and did deny plaintiff the right to vote in Louisiana Primary Election on October 24, 2015. (*Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955 (2007). *Providing plaintiff and other voters in Louisiana with a pictured identification is one of the remedies that plaintiff requests of the defendants once he prevails in this litigation.* By making baseless claims about defendants not issuing plaintiff a picture ID card are self-serving arguments created by defendants to conceal the fact that defendants violated Plaintiff's Johnny Duncan's *clearly established* and *well-settled* right to vote on October 24, 2015. Defendants' 12(b)(1) and 12(b)(6) Motion to Dismiss must be denied as a matter of law.

## CONCLUSION

Dark-skinned, African American Male Plaintiff, Johnny Duncan is the victim in this litigation. In Texas and locations throughout heart and breath of this nation, pictured voter registration identification has become an issue. Here in Louisiana plaintiff has been victimized by having his right to vote taken away. To insure that not another qualified citizen is deprive of

his or her constitutional right to vote, plaintiff seeks to close the loophole in Louisiana voter registration picture identification requirement by having the defendants issue a standardized voter registration card with picture identification that meet the requirements of LRS 18:652. The State of Louisiana would be doing everything in it power to resolve this litigation and reach some type of amicable and workable solution to the pictured voter registration requirement. Instead, Defendant Tom Schedler has circled the wagons and prepared for a war of attrition with taxpayers' money to wage a legal battle against tax paying plaintiff who is simply trying to simplify the voter registration picture identification requirement. Secretary Schedler has a history of defying federal law with regard to the voting rights of African Americans[3]. With all the hoopla about picture identification, in the twenty or so years that plaintiff has been voting at the polling place in the Amite City Hall, defendants have not on a single occasion asked him for his voter registration card. Poll workers take for granted that a person is registered, and calls his or her name to identify that person on the voters' roll. This is what should have happened to plaintiff on October 24, 2015, but it did not. From the pictured and non-pictured forms of identification that plaintiff provided to the poll worker, Plaintiff's name was never called to verify that he was on the voters' roll. Voting Commissioner Patricia Hughes-Sims did not ask plaintiff to sign an affidavit or to perform any other act which would allow him to vote. Commissioner Hughes-Sims did not confer with a commissioner, supervisor or anyone else who could have kept plaintiff from being denied the right to vote. On October 24, 2015, plaintiff's right to vote was *clearly established* and *well-settled*, thereby barring defendants' claims to qualified immunity. Any

---

[3] *Luther Scott, Jr. and Louisiana State Conference of the NAACP v. Tom Schedler*, Civil Action No. 2:1L00926 JTM-JCW.

reasonable person, including Voting Commissioner Patricia Hughes-Sims, should have known that denying plaintiff the right to vote was a violation of the law.

**WHEREUPON**, for all the above and forgoing reasons, *in proper person*, African American Male Plaintiff, Johnny Duncan beseeches this Great Court to deny Defendants Secretary of State Tom Schedler and Secretary of State Office's Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss, as a matter of law.

Done this the 20th Day of January, 2016 at Amite, Louisiana.

RESPECTFULLY SUBMITTED BY:

_____
Johnny Duncan
309 South Third Street
Post Office Box 723
Amite, Louisiana 70422
(985) 474-2565

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th Day of January, 2016—I placed a true and correct copy of Plaintiff's Objection to Defendants Secretary of State Tom Schedler and Louisiana Secretary of State Office's 12(b)(1) and 12(b)(6) Motions to Dismiss and Memorandum in Support in the United States Post Office at Amite, Louisiana 70422 and forwarded it to Defendants through counsel at the following addresses:

Grant Guillot/E. Wade Shows, John C. Walsh/Katheryn A. Dufrene
**SHOWS, CALI & WALSH, LLP**
628 Saint Louis Street
Baton Rouge, Louisiana 70802

_____
Johnny Duncan