UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHNNY DUNCAN**                                                          **CIVIL ACTION**

**VERSUS**                                                                         **NO. 15-5486**

**LOUISIANA STATE, ET AL.**                                        **SECTION "B"(1)**

### ORDER AND REASONS

Before the Court are two motions filed by *pro se* plaintiff Johnny Duncan (hereinafter "Duncan" or "Plaintiff"). The first is "Plaintiff's Fed. R. Civ. Procedure, Rule 11 Motion for Sanctions Against Defendants Tangipahoa Parish Registrar of Voters John Russell and Tangipahoa Parish Registrar of Voters." Rec. Doc. No. 39. The second is "Plaintiff's Motion for Recusal of Judge Ivan Lemelle, Pursuant [to] 28 U.S.C. §455(a)." Rec. Doc. No. 40. For the reasons outlined below,

**IT IS ORDERED** that the motions are **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Duncan filed the instant lawsuit as a result of the alleged denial of his right to vote in a Louisiana primary election in October of 2015. The litigation is only in its infancy. However, Plaintiff seeks sanctions on two opposing parties as well as the undersigned's recusal due to the following sequence of events. On December 16, 2015, Plaintiff filed a motion for entry of default as well as a motion for default judgment against the Tangipahoa Parish Registrar of Voters, John Russell, as well as the Tangipahoa

1

Parish Registrar of Voters Office (hereinafter collectively referred to as "Defendants"). Rec. Docs. 24, 25. As Defendants failed to timely file responsive pleadings, Duncan sought an entry of default and then a default judgment for one-quarter of $1,000,000,000.00. The following day, Defendants filed a motion to enroll counsel as well as a motion for extension of time to answer. Rec. Docs. 21-22.

Thereafter, this Court issued an Order addressing all four of the pending motions. The Court denied both of Plaintiff's motions concerning default and granted both of Defendants' motions. As this Court explained in that Order, the Defendants' subsequent appearance demonstrating an intent to defend rendered the motions for default futile. Accordingly, the Court denied the motions and granted Defendants an extension of time to plead pursuant to Local Rule 7.8. Plaintiff has taken issue with that result.

On January 6, 2016, Duncan filed objections to the Court's Order in which he accused the Court of failing to provide good cause for its decision and, in addition, accused the Court of committing plain error and abusing its discretion by opting to decide this case on the merits. Rec. Doc. 37 at 2-3. That same day, Plaintiff filed the instant motion for sanctions based on the Defendants' alleged failure to properly serve him with the motion to enroll and the motion for extension of time within which to plead. Next, Plaintiff filed the motion for recusal based upon the

Court's decision not to grant his motions for default. He alleges—without any support for his accusations—that this Court's decision was based on discriminatory intent. Namely, that this Court discriminated against him because of his race and/or his status as a *pro se* litigant. Additionally, Plaintiff claims—also without any support—that this Court's decision resulted from improper *ex parte* communications with the Attorney General.

## II. LAW AND ANALYSIS

The Court will first address Duncan's motion for recusal, recognizing a need to resolve this issue before deciding the fate of any additional motions.

### a. Motion for Recusal

Duncan urges the undersigned to recuse himself pursuant to 28 U.S.C. § 455. Section 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id*. The United States Court of Appeals for the Fifth Circuit described this as an objective test, stating that a judge "should disqualify himself 'if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *IQ Products Co. v. Pennzoil Products Co.*, 305 F.3d 368, 379 (5th Cir. 2002) (quoting *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980)).

The primary basis for the alleged impartiality is this Court's decision to refuse entry of default judgment. Plaintiff's filings demonstrate a fundamental misunderstanding of this Court's prior Order as well as the purpose behind default judgments. Rather than take the time to familiarize himself with the applicable Federal Rules of Civil Procedure and the relevant jurisprudence interpreting those rules, Duncan has decided to rely only upon his own strict interpretation.

However, the Fifth Circuit has instructed that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Further, the Fifth Circuit has stated that "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citing Wright & Miller, Federal Practice and Procedure § 2685). As made clear in the Order denying entry of default and default judgment,[1] "the court may consider whether it later would be obliged to set aside

---

[1] In its reasons for denying the entry of default, this Court stated that "entering default in this case would prove to be a waste of time as the entry of default would inevitably be set aside due to the Defendant's recent appearance." Rec. Doc. 26 at 2.

the default on defendant's motion, since it would be meaningless to enter the judgment as a matter of course if that decision meant that the court immediately would be required to take up the question of whether it should be set aside." Wright & Miller, <u>Federal Practice and Procedure</u> § 2685. This Court, like many others, "make[s] every effort to decide a case on its merits rather than rule on a technicality," and the earlier decision to follow this principle was not in error as Plaintiff alleges. *JMC Construction LP v. Modular Space Corp.*, No. 07-1925, 2008 WL 4531819, at *1 (Oct. 8, 2008 N.D. Tex.).

Beyond that, Duncan makes the assumption that, because his motions were denied, the undersigned must have some ulterior motive. Accordingly, Plaintiff concludes that the undersigned must be discriminating against him and/or holding *ex parte* communications with opposing counsel. Both assertions are unfounded. Consequently, no reasonable person, knowing and understanding all of these circumstances, could harbor doubts concerning the partiality of the undersigned. Plaintiff has simply wasted this Court's time and resources with unsubstantiated and fictitious allegations of impropriety. The motion for recusal is therefore denied.

    **b. Motion for Sanctions**

Plaintiff urges this Court to sanction Defendants for their alleged failure "to abide by local and federal rules and provide

5

plaintiff with a copy of their motions to enroll and for time extension." Rec. Doc. 39 at 2. Plaintiff claims that the defendants violated Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure because he never received a copy of the motions from the defendants. Rec. Doc. 39 at 2. In addition to "any other sanctions that the Court may deem appropriate," Plaintiff would like the Court to deny Defendants' pending motions to dismiss. Rec. Doc. 39 at 2.

Defendants' Certificates of Service accompanying their motions certified that, upon filing, they would provide copies of the motions to Plaintiff via U.S. Mail as Plaintiff is not a CM/ECF participant. Rec. Docs. 21 at 2; 22 at 2. Rule 5(b)(2)(C) permits this method of service, stating: "A paper is served under this rule by . . . mailing it to the person's last known address-in which event *service is complete upon mailing*. FED. R. CIV. P. 5(b)(2)(C) (emphasis added). Importantly, Plaintiff bases his claim on the allegation that he never *received* the motions. He does not contend that Defendants never mailed them, and the Court has no reason to believe that Defendants did not serve them as they certified in their motions. Receipt is not the relevant question for determining proper service, whether they were mailed is the important inquiry. Accordingly, Plaintiff's motion does not plead facts to support the allegation of improper service.

6

Moreover, Plaintiff invokes Rule 11 without identifying which portion of Rule 11 warrants sanctions. A motion for sanctions "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Rule 11(b) identifies certain representations that attorneys make when they present written motions to the Court—none of which address service. Fed. R. Civ. P. 11(b). Plaintiff has therefore not identified specific conduct that could be construed as a violation of Rule 11(b). Finally, the requested relief—dismissal of unrelated pending motions—is not an appropriate sanction under Rule 11. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.").

For the reasons discussed above,

**IT IS ORDERED** that Plaintiff's motions are **DENIED**.

New Orleans, Louisiana, this 27th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE

7