

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED JAN 28 2016

WILLIAM W. BLEVINS
CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION NO. 15-5486 |
| VERSUS | SECTION: "B"; MAGISTRATE "1" |
| STATE OF LOUISIANA, LOUISIANA SECRTETARY OF STATE OFFICE, SECRETARY OF STATE TOM SCEDLER, TANGIPAHOA PARISH COUNCIL TANGIPAHOA PARISH CLERK OF COURT OFFICE, CLERK JULIAN DUFRECHE, TANGIPAHOA PARISH REGISTRAR OF VOTERS OFFICE, TANGIPAHOA PARISH REGISTRAR OF VOTERS JOHN RUSSELL, TANGIPAHOA PARISH BOARD OF VOTERS SUPERVISORS, AND V.C. PATRICIA HUGHES SIMS | TRIAL BY JURY DEMANDED |

TENDERED FOR FILING

JAN 28 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## AMENDED COMPLAINT

**COMES NOW INTO COURT**, Plaintiff disabled, dark-skinned, African American male U. S. Army veteran Johnny L. Duncan, *in proper person*, to bring this action for damages pursuant 42 U. S. C. §1915, §1981, §1983, §1985, §1986, §1988, 14th Amendment, 15th Amendment, Civil Rights Act of 1866, Civil Rights Act of 1964, Voting Rights Act of 1965, La. Civ. Code §2315, La. Civ. Code §2317, and any and all other provisions of federal statutory laws, general, common and equity laws as applicable to the circumstances and violations hereinafter mentioned and disclosed during these proceedings, for conspiracy to deprive African American Male Plaintiff

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

Johnny Duncan of the Right to vote and for the deprivation of and denial of Plaintiff's citizenship Right to vote because of his skin color, race and gender.

1.

The AMENDED COMPLAINT is filed in compliance with the Court's ORDER AND REASONS of January 11, 2016;

2.

PRELIMINARY STATEMENT

This is a civil rights action accompanied seeking declaratory, injunctive relief and monetary damages to redress the racial harassment and refusal to allow plaintiff to vote in the Louisiana October 24, 2015 Primary Election. Voting Commissioner Patricia Hughes-Sims, along with other named and unnamed defendants conspired with, between and among themselves to deny African American male plaintiff the right to vote, and did in fact consummate their participation in the conspiracy by rejecting plaintiff's government issued picture identification, in violation of the 14th Amendment, 15th Amendment, Civil Rights Act (1866), Civil Rights Act (1964), Voting Rights (1965), LRS §18:562 and any and all other applicable Federal and Louisiana State laws.

3.

**JURISDICTION AND VENUE**

Jurisdiction is vested in this Court by 28 U. S. C. Sections 1331 and/or 1343(3) and (4). The matter in controversy exceeds $100,000. Further, Plaintiff, Cpt. Johnny L. Duncan, seeks to invoke the provisions of 28 U. S. C. §1915, §1981, §1983, §1985, §1986, §1988 (for attorney fees, if and when applicable), the Civil Rights Act of 1866, Civil Rights Act of 1964, Voting Rights Act of 1965, the 14th, and 15th Amendments to the United States Constitution, LRS §18:562, La. Civ.

Code §2315, La. Civ. Code §2317, and any and all other provisions of the United States Constitution, federal and state statutory laws, general, common and equity laws as applicable to the circumstances and violations hereinafter mentioned and disclosed during these proceedings.

4.

Venue is the United States District Court Eastern District of Louisiana is proper pursuant 28 U. S. C. §1391.

5.

## PARTIES

### Plaintiff

Plaintiff Johnny Duncan, a sixty-two (63) year old permanently and totally disabled, dark-skinned African American Male U. S. Army veteran—*creator and definer of the term Afr-i-can Amer-i-can (1986)*—is an American citizen residing in the State of Louisiana, in the Parish of Tangipahoa, in the City of Amite at 309 South Third Street 70422.

6.

### DEFENDANTS

**The State of Louisiana** is an organization established under the laws of the United States of America which can sue and is capable of being sued. This defendant was the employer of voting commissioner who denied plaintiff the right to vote on October 24, 2015.

7.

**The Louisiana Secretary of State** is an *organization* established under the laws of the United States and the State of Louisiana which can sue and is capable of being sued. Defendant provided material to Defendants Tangipahoa Parish Clerk of Court Office and Tangipahoa Parish Registrar of Voters Office for training classes for the Voting Commissioner Patricia Hughes-Sims on September 16 and September 17, 2015. This defendant co-funds Registrar of voters Office along with the Tangipahoa Parish Council. This defendant pays the voting commissioners. This defendant at all times acted under the *color of state law*;

8.

**Louisiana Secretary of State Tom Schedler** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued in an individual and official capacity. Defendant Tom Schedler heads the Office of Louisiana Secretary of State and is responsible for enforcing the voting requirements of the State of Louisiana. He provides training and material for voting and training classes of defendants Clerk of Court Office and Registrar of Voter Office. He oversees the payroll for elections. This defendant at all times acted under the *color of state law*;

9.

**Tangipahoa Parish Council** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued. Defendant Tangipahoa Parish Council appointed Defendant Registrar of Voters John Russell to a lifetime job as Registrar of voters. Defendant Parish Council controls the purse strings for Registrar and Defendant Registrar of Voters Office and is the employer of Defendant John Russell. Defendant Russell was

acting in his capacity as an employee of Tangipahoa Parish Council when he appointed a member of the Tangipahoa Parish Board of Election Supervisors, who in turn selected Patricia Hughes-Sims to be a voting commissioner on October 24, 2015. This defendant at all times acted under the *color of state law*;

10.

**Tangipahoa Parish Clerk of Court Office** is an *organization* established under the laws of the State of Louisiana and the United States of America, which can sue and is capable of being sued. Defendant Tangipahoa Parish Clerk of Court was delegated the authority through its agents, employees and representatives, to oversee and enforce voting requirements. Defendant used its place of business to train voting commissioners and to convene the Board of Election Supervisors. Defendant handles the day-to-day business of Tangipahoa Parish Board of Voter Supervisors. This defendant at all times acted under the *color of state law*;

11.

**Tangipahoa Parish Clerk of Court Julian DuFreche** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued in an individual and official capacity. Defendant Clerk of Court Julian DuFreche is mandated by Louisiana and Tangipahoa Parish Law to supervise the conduct of elections in Tangipahoa Parish. Clerk Julian DuFreche appoints a member of the Tangipahoa Parish Board of Election Supervisors. He chairs the Tangipahoa Parish Board of Election Supervisors who appointed the voting commissioner (Patricia Hughes-Sims) who denied plaintiff the right to vote on October 24, 2015. Defendant DuFreche individually and in an official capacity participated in at least seven (7) meetings of the Board of Election Supervisors between September 24, 2015 and October 24, 2015.

Upon information and belief Clerk DuFreche personally attended training sessions for the voting commissioners on September 16 and September 17, 2015. This defendant at all times acted under the *color of state law*;

12.

**Tangipahoa Parish Registrar of Voters Office** is an organization established under the laws of the State of Louisiana and of the United States of America, which can sue and is capable of being sue. Defendant Registrar of Voters oversee the registration of voters in the parish. The registrar of voters provided a voter registration application for plaintiff, and entered into a contractual relationship with plaintiff for the Defendant State of Louisiana by accepting his signed application and issuing him a voter registration card for use at his voting precinct on September 27, 1994. Defendant conducted training classes, along with the Clerk of Court and Secretary of State Office on at least two occasions on September 16 and September 17, 2015. This defendant at all times acted under the *color of state law*;

13.

**Tangipahoa Parish Registrar of Voters John Russell** is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued. Defendant Registrar of Voters John Russell has a lifetime appointment from Defendant Tangipahoa Parish Council. Registrar Russell is tasked with the operation of the Tangipahoa Parish Registrar of Voters Office. Defendant Russell is an employee of Tangipahoa Parish Council. Defendant Russell appoints a member of the Tangipahoa Parish Board of Election Supervisors, who in turn appointed the voting commissioner (Patricia Hughes-Sims) who denied plaintiff the right to vote on October 24, 2015. Defendant Russell individually and officially entered into a

contract with plaintiff for the State of Louisiana by issuing him a voter registration application, by accepting a voting registration application from plaintiff and by issuing him a voter registration card on September 24, 1994. He is being sued in an individual and official capacity. This defendant at all times acted under the *color of state law*;

14.

Tangipahoa Parish Board of Election Supervisors is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued. Defendant met at least seven (7) times between September 24, 2015 and October 24, 2015 to selected and appoint voting commissioners, including Voting Commissioner Patricia Hughes-Sims who denied plaintiff the right to vote on October 24, 2015;

15.

Voting Commissioner Patricia Hughes-Sims is a person within the meaning of the laws of the United States and the State of Louisiana, who can sue and is capable of being sued. Defendant Hughes-Sims attended training classes on September 16 and September 17, 2015 conducted by defendants State of Louisiana, Secretary of State Office, Secretary of State Tom Schedler, Clerk of Court Office, Clerk of Court Julian DuFreche, Registrar of Voters Office and Registrar of Voters John Russell. Defendant Tangipahoa Parish Board of Election Supervisors selected Hughes-Sims to serve as a voting commissioner on October 24, 2015.

16.

## FACTUAL BACKGROUND

October 24, 2015 was the date of the primary election in Louisiana. *Circa* 1720 hours (5:20 P. M.), Johnny Duncan went to vote at his usual polling place at the Amite City Hall, where he had voted for the last twenty (20) years;

17.

Various poll workers recognized and greeted plaintiff when he entered the polling place;

18.

Plaintiff Johnny Duncan presented a U. S. Government issued picture identification card (with printed name and signature) to Voting Commissioner Patricia Hughes-Sims to satisfy the picture identification requirement. The signature and name on the card was legible.

19.

Additionally, Plaintiff Johnny Duncan presented a second ID in the form of a Veterans Department identification card with his printed name and a signature to verify his identify. The signature and name on the card was legible;

20.

Plaintiff also wore a military jacket to which his name and rank were visibly affixed and legible:

21.

Voting Commissioner Patricia Hughes-Sims did not read plaintiff's name from either piece of identification. Upon information and belief, the voting commissioner denied plaintiff the right to vote because of his skin-color and/or gender and race;

22.

The Louisiana Secretary of State Office and Secretary of State Tom Schedler through his representatives failed to provide the necessary guidance to Voting Commissioner Hughes-Sims to prevent her from denying plaintiff the right to vote in the October 24, 2015 Primary Election;

23.

Tangipahoa Parish Clerk of Court Julian DuFreche and the Tangipahoa Parish Clerk of Court's Office through their employees and representatives denied African American Male Plaintiff Johnny Duncan of the right to vote in the October 24, 2015 Primary Election by rejecting his pictured and non-pictured forms of government identification;

24.

By not using his voter registration card, by not accepting other acceptable forms of identification, and by not following alternate voting procedure—Defendants State of Louisiana, Secretary of State Office, Secretary of State Tom Schedler, Tangipahoa Parish Clerk of Court and Clerk of Court Julian DuFreche breached a contractual relationship with plaintiff by denying him the right to vote in the October 24, 2015 Primary Election;

29.

## PRAYER FOR RELIEF

*"This case centers upon the fundamental right to vote."*[1] The defendants through their agents, representatives and/or employees illegally denied permanently disabled, dark-skinned African American male veteran, Johnny Duncan the right to vote in the Louisiana Primary Election on October 24, 2015. The *extraordinary nature* of this voting violation—at all times under the guise and/or *color of state law,* Defendants' conduct in this case demands an *extraordinary remedy*. The magnitude of defendants' trespasses in this vital electoral process mandates that African American Male Plaintiff seeks redress and relief for the total sum certain of one billion dollars ($1,000,000,000.00) for compensatory damages, pain, suffering, mental anguish, public embarrassment and humiliation caused African American male plaintiff by the defendants' denial of his right to vote in Louisiana Primary Election on October 24, 2015.

## CONCLUSION

Whether denial of plaintiff's right to vote was because of his race, age, skin-color, gender, ethnicity or whatever god-forsaken reason is irrelevant. The right to vote is a fundamental freedom upon which many other constitutional warranties rest. The remedy sought in this litigation will serve as a deterrent and will prevent such a blatant violation of the right to vote in the future.

*Done this the 25th Day of January, 2016 at Amite, Louisiana.*

---

[1] ORDER AND REASON, Page 1, Line 10.

RESPECTFULLY SUBMITTED BY:

_____
Johnny Duncan, Plaintiff
*In Proper Person*
309 South Third Street
Post Office Box 723
Amite, Louisiana, 70422
(985) 474-2565

## CERTIFICATE OF SERVICE

I hereby certify that on this the 25th Day of January, 2016—I placed a true and correct copy of Plaintiff's Amended Complaint in the United States Post Office at Amite, Louisiana 70422 and forwarded it to Defendants through counsel at the following addresses:

Grant Guillot/E. Wade Shows, John C. Walsh/Katheryn A. Dufrene
**SHOWS, CALI & WALSH, LLP**
628 Saint Louis Street
Baton Rouge, Louisiana 70802

Assistant Attorney General Douglas Swenson
1885 North Third Street, 4th Floor
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005

Assistant Attorney General William P. Bryan, III
1885 North Third Street, 4th Floor
Post Office Box 94005
Baton Rouge, Louisiana 70804-9005

Glen R. Galbraith
**SEALE & ROSS, PLC**
Post Office Box 699
Hammond, Louisiana 70404

Thomas H. Huval/Stefeni W. Salles
532 East Boston Street
Covington, Louisiana 70403

Tangipahoa Parish Board of Election Supervisors
C/O Clerk of Court Julian DuFreche
206 North Myrtle Street
Amite, Louisiana 70422

Voting Commissioner Patricia Hughes-Sims
C/O Tangipahoa Parish Board of Election Supervisors
Clerk of Court Office
206 North Myrtle Street
Amite, Louisiana 70422

_____
Johnny Duncan



Johnny Duncan
309 S. 3rd St.
P.O. Box 723
Amite, LA 70422

Clerk of Court ED LA
U.S. Court House
500 Poydras Street Rm C-151
New Orleans LA 70130

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION NO. 15-5486 |
| | SECTION: "B" |
| VERSUS | JUDGE IVAN LEMELLE |
| | MAG.; SALLY SHUSHAN |
| STATE OF LOUISIANA, *ET AL* | TRIAL BY JURY DEMANDED |

ORDER

**Having considered** Plaintiff's AMENDED COMPLAINT, the Complaint is AMENDED.

Done this the _____ Day of _____, 2016 at New Orleans.

_____
HONORABLE IVAN LEMELLE
UNITED STATES JUDGE
EASTERN DISTRICT OF LOUISIANA

TENDERED FOR FILING

JAN 28 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy