UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY DUNCAN | CIVIL ACTION NO. 15-5486 |
| Plaintiff | SECTION: "B" |
| VERSUS | JUDGE: IVAN L.R. LEMELLE |
| STATE OF LOUISIANA, LOUISIANA SECRETARY OF STATE OFFICE, SECRETARY OF STATE TOM SCHEDLER, TANGIPAHOA PARISH COUNSEL, TANGIPAHOA PARISH CLERK OF COURT OFFICE, CLERK JULIAN DUFRECHE, TANGIPAHOA PARISH REGISTRAR OF VOTERS OFFICE, AND TANGIPAHOA PARISH REGISTRAR OF VOTERS JOHN RUSSELL | MAG.: SALLY SHUSHAN |
| | TRIAL BY JURY DEMANDED |
| Defendants | |

**MEMORANDUM IN SUPPORT OF THE STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)**

MAY IT PLEASE THE COURT:

Defendants, the State of Louisiana, the Louisiana Secretary of State Office, and Secretary of State Tom Schedler, in his official capacity (hereinafter collectively the "*State Defendants*"), file this memorandum in support of their Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) regarding the Section 1983 claims asserted against them by Plaintiff, Johnny Duncan, in his Amended Complaint.

**I.     FACTUAL BACKGROUND**

Plaintiff, an African-American, filed a Complaint on October 27, 2015, against the named Defendants, the State of Louisiana, Louisiana Secretary of State Office, Secretary of State Tom Schedler, Tangipahoa Parish Council, Tangipahoa Clerk of Court Office, Clerk Julian Dufreche,

1

Tangipahoa Registrar of Voters Office, and Tangipahoa Registrar of Voters John Russell. [Doc. 1]. Plaintiff sought declaratory and injunctive relief, as well as monetary and punitive damages, in order to "redress the racial harassment and refusal to accept [Plaintiff's] government issued picture identification and demanding a second form of picture identification in order [for Plaintiff] to vote in the Louisiana October 24, 2015 Primary Election." [Doc. 1, p. 2, ¶ 1].

On January 4, 2016, the Louisiana Secretary of State Office and the Secretary of State Tom Schedler, in his official capacity, (hereinafter collectively the "***Secretary of State***") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) in response to the Original Complaint. [Doc. 30]. The State of Louisiana subsequently filed its own 12(b)(1) Motion to Dismiss on January 7, 2016. [Doc. 34]. Plaintiff filed an Opposition to the Secretary of State's Motion to Dismiss on January 21, 2016. [Doc. 46].

On or about January 28, 2016, State Defendants received notice from this Court that Plaintiff filed an Amended Complaint. [Doc. 50]. Plaintiff's Amended Complaint adds a new defendant as well as alleges new facts and asserts new claims related to the incident being litigated herein.

In light of Plaintiff's Amended Complaint, the State Defendants expressly incorporate herein their Rule 12(b)(1) Motions to Dismiss [Doc. 30, Doc. 34] and supplement those Motions with the following:

## II. SUMMARY OF ARGUMENT

This Court lacks jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 against Secretary of State Tom Schedler, in his official capacity, the Louisiana Secretary of State Office, and the State of Louisiana because the State Defendants stand in the place of the State of Louisiana. Because the State has not waived its Eleventh Amendment right to sovereign

immunity, Plaintiff's Section 1983 claims against Louisiana Secretary of State Tom Schedler, in his official capacity, as well as Plaintiff's claims against the Louisiana Secretary of State Office and the State of Louisiana, are barred by the Eleventh Amendment, and thus, they should be dismissed in accordance with Fed. R. Civ. P. 12(b)(1).

## III. ARGUMENT

At the outset, the State Defendants note that in addition to filing the instant Motion to Dismiss the claims against Louisiana Secretary of State Tom Schedler, in his official capacity, the Louisiana Secretary of State Office, and the State of Louisiana, the State Defendants are simultaneously filing a Motion to Dismiss Plaintiff's remaining claims against the Secretary of State, in his individual capacity, on the grounds that, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff has failed to state a claim against Secretary Schedler upon which relief may be granted.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a lawsuit on the basis that the court in which the suit is filed lacks subject matter jurisdiction. In the instant matter, Plaintiff has alleged claims against Secretary of State Tom Schedler, the Louisiana Secretary of State Office, and the State of Louisiana. The Eleventh Amendment of the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language expressly encompasses not only suits brought against a state by citizens of another state, but suits against a state by citizens of that same state. *See Hall v. Louisiana*, 974 F. Supp. 2d 978, 986−87 (M.D. La. 2013), reconsideration denied, No. CIV.A. 12-00657-BAJ, 2014 WL 1248161 (M.D. La. Mar. 25, 2014), citing *Hans v. Louisiana,* 134 U.S. 1 (1890); *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v.*

*Halderman,* 465 U.S. 89, 98, (1984); and *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). "A state's Eleventh Amendment immunity extends to any state agency or entity deemed an alter ego or arm of the state." *Hall*, 974 F. Supp. 2d at 987, quoting *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). In general, therefore, a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. *Hall*, 974 F. Supp. 2d at 987, citing *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011); *Pennhurst State School & Hosp.*, 465 U.S. at 100. This jurisdictional bar applies regardless of the nature of the relief sought. *Id.*

In addition, the Eleventh Amendment bars a suit against a state official when "the state is a real, substantial party in interest." *Hall*, 974 F. Supp. 2d at 987, citing *Pennhurst State School & Hosp.*, 465 U.S. at 101–02 (citations omitted). Thus, the general rule is that relief sought against an officer is in fact against the sovereign if the decree would operate against the latter. *Id.* And, as when the state itself is named as the defendant, a suit against state officials that is in fact a suit against a state is barred regardless of whether it seeks damages or injunctive relief. *Hall*, 974 F. Supp. 2d at 987, citing *Pennhurst State School & Hosp.*, 465 U.S. at 101–02 (citations omitted); *Okpalobi v. Foster*, 244 F.3d 405, 412 (5th Cir. 2001) (plaintiff cannot evade Eleventh Amendment immunity by naming an individual state officer as a defendant in lieu of the state itself).

While a state may expressly waive this Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. *Harris v. City of Hammond*, No. CIV.A. 07-3890, 2008 WL 4469112, at *3 (E.D. La. Sept. 30, 2008), citing *Edelman*, 415 U.S. at 673; *Welch v. State Dep't of Highways & Pub. Transp.*, 780 F.2d 1268, 1271−73 (5th Cir. 1986), aff'd sub nom., *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468 (1987). To the contrary, La. Rev. Stat.

Ann. § 13:5106(a) provides that "no suit against the state ... shall be instituted in any court other than a Louisiana state court." However, Congress has abrogated the states' sovereign immunity for claims arising under the Voting Rights Act. *Hall*, 974 F. Supp. at 988, citing *Mixon v. State of Ohio*, 193 F.3d 389, 398–99 (6th Cir. 1999); *Reaves v. U.S. Dep't of Justice*, 355 F. Supp. 2d 510, 515 (D.D.C. 2005); *City of Boerne v. Flores*, 521 U.S. 507, 518 (1997).

On the other hand, Congress has not abrogated the states sovereign immunity for claims arising under 42 U.S.C. § 1983. *Hall*, 974 F. Supp. 2d at 988, citing *Inyo County, Cal. v. Paiute–Shoshone Indians of the Bishop Community of the Bishop Colony,* 538 U.S. 701, 709 (2003). Nevertheless, in *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to Eleventh Amendment immunity, thereby permitting suits against state officials in their official capacity in order to enjoin enforcement of an unconstitutional state statute. *Hall*, 974 F. Supp. 2d at 988, citing *Okpalobi*, 244 F.3d at 411; *Ex parte Young*, 209 U.S. at 157. This exception applies when the state official: (1) has some connection with the enforcement of the statute; or (2) is specifically charged with the duty to enforce the statute and is threatening to exercise that duty. *Hall*, 974 F. Supp. 2d at 988, citing *Okpalobi*, 244 F.3d at 411; *Ex parte Young,* 209 U.S. at 157 ("[i]n making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional ... such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party.").

In *Ex parte Young,* the United States Supreme Court held that enforcement of an unconstitutional law is not an official act because a state cannot confer authority on its officers to violate the Constitution or federal law. *Hall,* 974 F. Supp. 2d at 988−89, citing *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); citing *Am. Bank & Trust Co. of*

5

*Opelousas v. Dent*, 982 F.2d 917, 920–21 (5th Cir. 1993).  The *Ex parte Young* exception "has been accepted as necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.' " *Hall*, 974 F. Supp. 2d at 989, citing *Pennhurst State School & Hosp.*, 465 U.S. at 105.  Under this exception, an individual official may be liable only for implementing a policy that is "itself [ ] a repudiation of constitutional rights" and "the moving force of the constitutional violation." *Hall*, 974 F. Supp. 2d at 989, citing *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 169–70 (5th Cir. 1985).  For *Ex parte Young* to apply, the "suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Hall*, 974 F. Supp. 2d at 989, citing *Aguilar*, 160 F.3d at 1054; *Saltz v. Tennessee Dep't of Employment Sec.*, 976 F.2d 966, 968 (5th Cir. 1992).

The Supreme Court recently explained more succinctly that in determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Hall*, 974 F. Supp. 2d at 989, citing *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 247 (2011) (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)).

In his Amended Complaint, Plaintiff has accused the State Defendants of various violations of both federal and state laws. To the extent that Plaintiff sufficiently states violations of state law, the *Ex parte Young* exception does not apply, as these are not violations of federal law.

As for Plaintiff's claims of federal law violations, Plaintiff no longer seeks injunctive or declaratory relief. Plaintiff's Amended Complaint only seeks redress in the form of money damages. [Doc. 50, ¶ 29]. Plaintiff is not seeking to prevent a continuing violation of his civil rights in relation to the enforcement of La. Rev. Stat. 18:562 but is instead attempting to recover one billion dollars ($1,000,000,000.00) in damages for the "pain, suffering, mental anguish, public embarrassment and humiliation" he allegedly suffered as a result of the one incident in which he claims he was not allowed to vote. [Doc. 50, ¶ 29]. The *Ex Parte Young* doctrine does not apply in the instant matter because Plaintiff is not attempting to end a continuing violation of federal law but is instead seeking to recover for alleged damages arising out of one isolated incident. Since the relief Plaintiff is seeking is not declaratory or injunctive in nature or prospective in effect, *Ex parte Young* does not apply, and the State Defendants retain their Eleventh Amendment immunity against suit.

Furthermore, nothing alleged in Plaintiff's Amended Complaint changes any of the arguments that the State Defendants previously asserted in their 12(b)(1) Motions to Dismiss incorporated herein [Doc. 30, Doc. 34], and all of the State Defendants' arguments are still applicable.

For these reasons, and those that are more fully developed in the State Defendants' 12(b)(1) Motions to Dismiss incorporated by reference herein [Doc. 30, Doc. 34], the *Ex parte Young* Doctrine does not apply in the instant matter, and thus, Plaintiff's Section 1983 claims against the State Defendants should be dismissed with prejudice at Plaintiff's cost.

## IV.   CONCLUSION

Secretary of State Tom Schedler, in his official capacity, the Louisiana Secretary of State Office, and the State of Louisiana pray that their Motion to Dismiss Amended Complaint

pursuant Fed. R. Civ. P. 12(b)(1) be granted and that this Court dismiss Plaintiff's Section 1983 claims against the State Defendants with prejudice at Plaintiff's cost.

**SHOWS, CALI & WALSH, L.L.P.**

 */s/ Kathryn A. Dufrene*
E. Wade Shows, La. Bar Roll No. 7637
John C. Walsh, La. Bar Roll No. 24903
Grant J. Guillot, La. Bar Roll No. 32484
Kathryn A. Dufrene, La. Bar Roll No. 35759
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-1467

*Attorneys for Defendants, State of Louisiana, Louisiana Secretary of State Office, and Secretary of State Tom Schedler*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of February, 2016, a copy of the foregoing has this date been served upon all parties through their respective counsel of record by operation of the Court's electronic filing system and has been filed electronically with the Clerk of Court using the CM/ECF system. A copy of the foregoing has been mailed to the following:

Johnny Duncan
P.O. Box 723
Amite, LA 70422

 *s/ Kathryn A. Dufrene*
KATHRYN A. DUFRENE