**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHNNY DUNCAN** | **CIVIL ACTION NO. 15-5486** |
| **Plaintiff** | **SECTION: "B"** |
| **VERSUS** | **JUDGE: IVAN L.R. LEMELLE** |
| **STATE OF LOUISIANA, LOUISIANA SECRETARY OF STATE OFFICE, SECRETARY OF STATE TOM SCHEDLER, TANGIPAHOA PARISH COUNSEL, TANGIPAHOA PARISH CLERK OF COURT OFFICE, CLERK JULIAN DUFRECHE, TANGIPAHOA PARISH REGISTRAR OF VOTERS OFFICE, AND TANGIPAHOA PARISH REGISTRAR OF VOTERS JOHN RUSSELL** | **MAG.: SALLY SHUSHAN** **TRIAL BY JURY DEMANDED** |
| **Defendants** | |

**MEMORANDUM IN SUPPORT OF THE STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

MAY IT PLEASE THE COURT:

Defendants, the State of Louisiana, the Louisiana Secretary of State Office, and Secretary of State Tom Schedler, in both his official and individual capacities (hereinafter collectively the "***State Defendants***"), file this memorandum in support of their Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) the claims asserted against them by Plaintiff, Johnny Duncan, in his Amended Complaint.

## I.   FACTUAL BACKGROUND

Plaintiff, an African-American, filed a Complaint on October 27, 2015, against the named Defendants, the State of Louisiana, Louisiana Secretary of State Office, Secretary of State Tom Schedler, Tangipahoa Parish Council, Tangipahoa Clerk of Court Office, Clerk Julian Dufreche,

1

Tangipahoa Registrar of Voters Office, and Tangipahoa Registrar of Voters John Russell. [Doc. 1]. Plaintiff sought declaratory and injunctive relief, as well as monetary and punitive damages, in order to "redress the racial harassment and refusal to accept [Plaintiff's] government issued picture identification and demanding a second form of picture identification in order [for Plaintiff] to vote in the Louisiana October 24, 2015 Primary Election." [Doc. 1, p. 2, ¶ 1].

On January 4, 2016, the Louisiana Secretary of State Office and the Secretary of State Tom Schedler, in his official and individual capacities, (hereinafter collectively the "***Secretary of State***") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) in response to the Original Complaint. [Doc. 32]. The State of Louisiana subsequently filed its own 12(b)(6) Motion to Dismiss on January 7, 2016. [Doc. 34]. Plaintiff filed an Opposition to the Secretary of State's Motion to Dismiss on January 21, 2016. [Doc. 46].

On or about January 28, 2016, State Defendants received notice from this Court that Plaintiff filed an Amended Complaint. [Doc. 50]. Plaintiff's Amended Complaint adds a new defendant as well as alleges new facts and asserts new claims related to the incident being litigated herein.

In light of Plaintiff's Amended Complaint, the State Defendants expressly herein their Rule 12(b)(6) Motions to Dismiss [Doc. 32, Doc. 34] and supplement those Motions with the following:

## II.    SUMMARY OF ARGUMENT

Despite new factual allegations contained in Plaintiff's Amended Complaint, Plaintiff still fails to state any claims against the State Defendants upon which relief can be granted because Plaintiff has provided only generalizations and conclusory statements in support of his allegations instead of offering specific facts to substantiate his claims. The majority of

Plaintiff's Amended Complaint is based on allegations that Voting Commissioner Patricia Hughes-Sims "did not read plaintiff's name from either piece of identification [presented to satisfy the picture identification requirements to vote]" and that "the voting commissioner denied plaintiff the right to vote because of his skin-color and/or gender and race." [Doc. 50, ¶ 21]. While Plaintiff now alleges that he is a member of a protected class, he still fails to show that similarly situated individuals were treated differently.

Finally, the Secretary of State, in his individual capacity, is entitled to qualified immunity, which functions as a defense to liability when the actions allegedly taken by officials did not violate clearly established law and bars an award of damages.

## III.   <u>ARGUMENT</u>

At the outset, the State Defendants note that they are simultaneously filing a Motion to Dismiss Plaintiff's Section 1983 claims against the Secretary of State, in his official capacity, as well as Plaintiff's claims against the Louisiana Secretary of State Office and the State of Louisiana on the grounds that pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's Section 1983 claims are barred by the State Defendants' Eleventh Amendment immunity.   However, the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is applicable to and is also herein filed on behalf of (1) Secretary Schedler, in his official capacity; (2) Secretary Schedler, in his individual capacity; (3) the Louisiana Secretary of State Office; and (4) the State of Louisiana.

A motion under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated on the sole basis of the pleadings. *Garrett v. Celanese Corp.*, No. 3:02-CV-1485-K, 2003 WL 22234917 (N.D. Tex. Aug. 28, 2003), aff'd, 102 F. App'x 387 (5th Cir. 2004).   The ultimate question is whether the complaint states a valid cause of action when it is viewed in a light most favorable to the plaintiff, with every doubt resolved in favor of

the plaintiff.  *Garrett*, 2003 WL 22234917, at *1. The court must "liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." *Id.*

To avoid dismissal, a plaintiff must plead specific facts, not mere conclusory allegations. *Id.*  A complaint containing mere conclusory allegations or unwarranted deductions of fact will not survive a motion to dismiss.  *Id.*  Furthermore, dismissal is appropriate where the complaint contains no allegation regarding a required element of the claim asserted.  *Id.*

### A. Plaintiff has failed to set forth the requisite elements in order to support his claims against the State Defendants.

#### i.  *Claims brought under the Civil Rights Act*

##### a.  <u>42 U.S.C. § 1983</u>

To proceed under 42 U.S.C. § 1983, such a claim must rest upon a denial of rights secured under federal law, not state law. *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003). Thus, to the extent Plaintiff attempts to argue that his claims under La. Civ. Code art. 2315 and La. Civ. Code art. 2317 resulted in a violation of his Section 1983 civil rights, said claims must fail. Accordingly, in order to state a viable claim under Section 1983, Plaintiff must establish a violation of his rights under federal law, such as the United States Constitution, which, as discussed hereinbelow, he is unable to do.

Plaintiff does not expressly state how any of the State Defendants' alleged actions resulted in a violation of his rights under any of the clauses of the Fourteenth Amendment, including the Equal Protection Clause, the Due Process Clause, and the Privileges and Immunities Clauses. Nevertheless, out of an abundance of caution, the State Defendants set forth herein that Plaintiff still has not established any claims under any of these clauses.

**1)  Fourteenth Amendment Equal Protection Claim**

Under federal law, the Equal Protection Clause of the Fourteenth Amendment essentially directs that all persons similarly situated be treated alike. *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999). To establish a Fourteenth Amendment equal-protection claim, a Plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *McFaul v. Valenzuela*, 684 F.3d 564, 577 (5th Cir. 2012), citing *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Moreover, the Fifth Circuit has noted that a plaintiff's conclusory allegations that others similarly situated have been treated differently, without any specific factual support for his assertions, is insufficient to support his claims. *Kyles v. Garrett*, 222 F. App'x 427, 429 (5th Cir. 2007). In affirming the trial court's dismissal of the suit, the Fifth Circuit in *Kyles* explained that even if there were others who were treated differently, plaintiff failed to allege any facts or indicate that such different treatment had no rational basis or was motivated by any ill will or illegitimate animus. *Kyles*, 222 F. App'x at 429.

In Plaintiff's Amended Complaint, Plaintiff does not make any reference at all to other similarly situated voters; therefore, Plaintiff cannot show that a non-black voter presented the same type of identification that Plaintiff presented but was allowed to vote in the October 24, 2015, election. Plaintiff cannot show that he received treatment different from the treatment received by similarly situated individuals, and thus, he cannot show that the unequal treatment stemmed from a discriminatory intent. Therefore, Plaintiff has failed to establish a violation of his constitution right to equal protection.

### 2)  Fourteenth Amendment Due Process Claim

"In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Davis v. Young*, No. 14-31242, 2015 WL 5131669, at *3. The state action of which Plaintiff complains was the commissioner following a law that was promulgated by the Louisiana Legislature, specifically La. Rev. Stat. § 18:562. This statute specifically requires the following:

> (1) A person who desires to vote in a primary or general election shall give his name and address to a commissioner, who shall announce the applicant's name and address to the persons at the polling place.

> (2) Each applicant shall identify himself, in the presence and view of the bystanders, and present to the commissioners **a Louisiana driver's license, a Louisiana special identification card issued pursuant to R.S. 40:1321, or other generally recognized picture identification card that contains the name and signature of the applicant.** If the applicant does not have a Louisiana driver's license, a Louisiana special identification card, or other generally recognized picture identification card that contains the name and signature of the applicant, the applicant shall complete and sign an affidavit, which is supplied by the secretary of state, to that effect before the commissioners, which affidavit shall include the applicant's date of birth and mother's maiden name. If the applicant is unable to read or write or is otherwise unable to complete the affidavit due to disability, the applicant may receive assistance in completing the affidavit and the commissioner shall make a notation on the affidavit. The applicant may receive the assistance of any person of his choice, including a commissioner, except a candidate, commissioner-in-charge, the applicant's employer or employer's agent, or the applicant's union agent. The commissioners shall place the affidavit in the envelope marked "Registrar of Voters" and attach the envelope to the precinct register. However, an applicant who is allowed to vote without the picture identification required by this Paragraph is subject to challenge as provided in R.S. 18:565.

La. Rev. Stat. § 18:562 (emphasis added). Plaintiff fails to specifically allege that he met each specific requirement of this law. Plaintiff states that he "presented a U.S. Government issued picture identification card (with printed name and signature)" and then "presented a second ID in the form of a Veterans Department identification card." [Doc. 50, ¶ 27]. However, Plaintiff fails

to state whether these constitute "generally recognized picture identification card[s]," as required in La. Rev. Stat. § 18:562. Furthermore, any allegation Plaintiff makes about the commissioner's failure to use his voter registration card is without merit, as this is not required by statute.

Finally, Plaintiff makes a conclusory statement that the commissioner did not follow alternate voting procedure is not sufficient to state a claim upon which relief may be granted as Plaintiff does not allege any facts about what was done and/or how what was done failed to comply with La. Rev. Stat. § 18:562. Therefore, Plaintiff has no cause of action under the Fourteenth Amendment Due Process Clause.

### 3) Fourteenth Amendment Privileges and Immunities Clause Claim

The Privileges and Immunities Clause does not apply to situations in which citizens are challenging the actions of their own state. *Supreme Court of Virginia v. Friedman*, 487 U.S. 59, 65 (1988). Just as in his original Complaint, Plaintiff's Amended Complaint also admits that Plaintiff is a citizen of Louisiana. Given that Plaintiff has not asserted a cause of action against a state of which he is not a resident, Plaintiff has no cause of action under the Privileges and Immunities Clause.

### 4) Fifteenth Amendment Claim

The Fifteenth Amendment provides, "The right of the citizens of the United States of vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend. XV, § 1.

Plaintiff acknowledges that he has been voting at Amite City Hall without incident for twenty years. [Doc. 50, ¶ 16]. If this Court were to rule that the State Defendants violated Plaintiff's Fifteenth Amendment rights, such a ruling would not achieve the Fifteenth Amendment's intended purpose of ensuring a better future rather than inflicting punishment for a

past action. *See Shelby Cnty., Ala. v. Holder*, 133 S. Ct. 2612, 2629 (2013), citing *Rice v. Cayetano*, 528 U.S. 495, 512 (2000) ("The Amendment is not designed to punish for the past; its purpose is to ensure a better future.")

Furthermore, as stated above, the state action of which Plaintiff complains was the commissioner following a law that was promulgated by the Louisiana Legislature. Plaintiff has not stated a sufficient claim that his right to vote was denied or abridged; while Plaintiff may have been unable to vote in the October 24, 2015, election, it was a result of his own failure to comply with Louisiana election laws. Plaintiff has not contested the constitutionality of these laws.  As a result, Plaintiff has failed to state a cause of action under the Fifteenth Amendment.

### b.  <u>42 U.S.C. § 1981</u>

To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute. *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994).

While Plaintiff has stated that he is a member of a racial minority, he has not alleged anywhere in his Amended Complaint that the State Defendants had the intent to discriminate against him based on his race. Moreover, even if Plaintiff were able to show intent to discriminate, said discrimination would not have involved any of the activities enumerated in Section 1981, which include the right to make and enforce contracts, to sue, be parties, give evidence, and…be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind." Accordingly, Plaintiff has not stated a cause of action under 42 U.S.C. § 1981 upon which relief may be granted.

### c.  42 U.S.C. §§ 1985 and 1986

Any of Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 against the State Defendants must be dismissed because, in the Fifth Circuit, § 1985 claims alleging a conspiracy to violate a person's constitutional rights requires "an allegation of a race-based conspiracy." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000), citing *Newberry v. E. Texas State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998). Despite all of the new facts, Plaintiff has not made a single allegation in his Amended Complaint that any actions allegedly taken by the State Defendants were motivated by a racially-based animus. While Plaintiff clearly states that he is a black man who was not allowed to vote, he does not provide a single statement accusing the State Defendants of engaging in actions motivated by the State Defendants' hostility towards black persons. Therefore, Plaintiff cannot show that the State Defendants engaged in a race-based conspiracy, and he has filed to state a claim under 42 U.S.C. § 1985 upon which relief may be granted. As a result, Plaintiff's claims under this section must be dismissed. Moreover, because a violation of 42 U.S.C. § 1986 is premised on a violation of 42 U.S.C. § 1985, the Section 1986 claims must be dismissed as well. *Mississippi Women's Med. Clinic v. McMillan*, 866 F.2d 788, 795 (5th Cir. 1989).

### d.  42 U.S.C. § 1988

Under 42 U.S.C. §§ 1988, a plaintiff who prevails in an action brought under §§ 1981, 1983, 1985, or 1986, *inter alia*, may be awarded attorney's fees. Because Plaintiff still fails to establish any claims against the State Defendants in his Amended Complaint pursuant to §§ 1981, 1983, 1985, or 1986, he has accordingly failed to establish a Section 1988 claim. Therefore, this Court should dismiss Plaintiff's Section 1988 claim.

### ii.   *Claims brought under the Voting Rights Act*

As more fully developed in the State Defendants' Motions to Dismiss [Doc. 32, Doc. 34], violations of Section 2 of the Voting Rights Act can "be proved by showing discriminatory effect alone." *Veasey v. Abbott*, 796 F.3d 487, 504 (5th Cir. 2015). To satisfy this "results test," Plaintiffs must show not only that the challenged law imposes a burden on minorities, but also "a certain electoral law, practice, or structure interacts with social and historical conditions *to cause* an inequality in the opportunities enjoyed by black and white voters to elect their preferred representatives." *Id.* at 504.

Plaintiff points to no law that "imposes a burden on minorities," nor does he show that a specific "electoral law, practice, or structure interacts with social and historical conditions *to cause* an inequality in the opportunities enjoyed by black and white voters to elect their preferred representatives." *Id.* Because Plaintiff has not set forth any allegations that would support either part of this test, Plaintiff has failed to state a cause of action under the Voting Rights Act upon which relief may be granted.

### iii.   *State Law Claims*

Despite filing an Amended Complaint, Plaintiff still fails to invoke the Court's supplemental jurisdiction under 28 U.S.C. § 1367 to hear his state law claims. Regardless, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims if this Court dismisses all claims over which it had original jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). In the event that this Court decides to retain jurisdiction over Plaintiff's state law claims, the State Defendants maintain that Plaintiff has failed to state a cause of action upon which relief may be granted, as more thoroughly discussed below.

### a.  La. Civ. Code art. 2315

La. Civ. Code art. 2315, a tort statute, provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." In order to prove a prima facie case in an action for damages allegedly caused by the tortious conduct of a defendant, the plaintiff must prove three things: fault, causation, and damages. *Zimmerman v. Progressive Sec. Ins. Co.*, 49,982 (La. App. 2 Cir. 8/12/15), 174 So. 3d 1230, 1235, reh'g denied (Sept. 24, 2015), citing *Pinkins v. Cabes*, 1998-1803 (La. App. 4 Cir. 01/27/99), 728 So. 2d 523, *writ denied*, 1999-1242 (La. 07/18/99), 745 So. 2d 32.

Plaintiff asserts new claims in his Amended Complaint regarding the State Defendants as follows: (1) that the State of Louisiana was the employer of Voting Commissioner Hughes-Sims, who allegedly denied Plaintiff the right to vote; (2) that the Louisiana Secretary of State provided material to Defendants Tangipahoa Parish Clerk of Court Office and Tangipahoa Parish Registrar of Voters Office for training classes for Voting Commissioner Hughes-Sims; (3) that the Louisiana Secretary of State pays the voting commissioners; (4) that Louisiana Secretary of State Tom Schedler provides training and material for voting and training classes of defendants Clerk of Court Office and Registrar of Voter Office; (5) that Louisiana Secretary of State Tom Schedler oversees the payroll for elections; (6) that the Louisiana Secretary of State Office and Secretary of State Tom Schedler, through his representatives, failed to provide the necessary guidance to Voting Commissioner Hughes-Sims to prevent her from denying plaintiff the right to vote; and (7) that the State of Louisiana, the Louisiana Secretary of State, and Secretary of State Tom Schedler (among other defendants) breached a contractual relationship with plaintiff by denying him the right to vote.

11

Louisiana adopts a broad concept of "fault," which includes any conduct that falls below a standard of care. *Zimmerman*, 174 So. 3d at 1235. Plaintiff presents no additional facts in his Amended Complaint to support his claims that any of the actions of which Plaintiff complains fell below a standard of care. Moreover, even if Plaintiff did point to such facts, he also has not pointed to facts to show the actions of the State Defendants' were the legal cause of the denial of Plaintiff's right to vote. As a result, Plaintiff has failed to state a claim upon which relief can be granted.

### b.  La. Civ. Code art. 2317

La. Civ. Code art. 2317 provides, in pertinent party, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Plaintiff has not set forth any allegations that the State Defendants were "answerable" for any of the persons who allegedly participated in denying Plaintiff the ability to vote in the October 24, 2015, election. The Parish Board of Election Supervisors is charged with selecting commissioners, and La. Rev. Stat. §§ 18:433 and 434 set forth the procedures by which the Board may select, remove, and disqualify commissioners. Again, none of the State Defendants serve as a member of the Parish Board of Election Supervisors; therefore, he plays no role in the selection or supervision of polling commissioners, who are responsible for enforcing La. Rev. Stat. § 18:562.

To the extent that Plaintiff claims that the State Defendants are vicariously liable for the actions of Voting Commissioner Patricia Hughes-Sims, Plaintiff does not allege that the Secretary of State employs Voting Commissioner Patricia Hughes-Sims. While Plaintiff does state that the State of Louisiana is the employer of "voting commissioner who denied plaintiff the right to vote on October 24, 2015," this is simply not true. The Parish Board of Election

Supervisors is charged with selecting commissioners and La. Rev. Stat. §§ 18:433 and 434 set forth procedures by which the Board may select, remove, and disqualify commissioners. It is clear that none of the State Defendants have any control over the commissioners. In fact, the control over an employee is the most important element in proving an employer/employee relationship, which is crucial to any vicarious liability claim. *Darce v. Roberts*, 13-917 (La. App. 5 Cir. 5/14/14), 142 So. 3d 173, 175, citing *Hickman v. S. Pac. Transp. Co.*, 262 So. 2d 385 (1972). Thus, Plaintiff has failed to state a cause of action under La. Civ. Code art. 2317 or La. Civ. Code art. 2320 upon which relief may be granted.

### c.  La. Rev. Stat. § 18:562

As more fully discussed in the previously filed Motions to Dismiss that are incorporated herein [Doc. 32, Doc. 34], none of the State Defendants have any responsibility regarding the enforcement of La. Rev. Stat. § 18:562. The plain language of the statute clearly indicates that it is the commissioner, *not* any of the State Defendants who is responsible for enforcing La. Rev. Stat. § 18:562. Moreover, the State Defendants do not participate in the selection or supervision of the polling commissioners.

### d.  Contractual relationship claim

Plaintiff claims that "Defendants…breached a contractual relationship with plaintiff by denying him the right to vote in the October 24, 2015 Primary Election." [Doc. 50, ¶ 24]. Plaintiff has not entered into a contractual relationship with any of the State Defendants. Even if there was such a contract, Plaintiff has failed to allege facts that would support a breach of contract claim. The Amended Complaint is completely devoid of any details about the alleged contract or what events constituted a breach of the alleged contract. Given that Plaintiff has not

asserted a cause of action against any of the State Defendants, Plaintiff has no cause of action related to a breach of contract claim, and this claim should be dismissed.

**B.  Louisiana Secretary of State Tom Schedler, in his individual capacity, is entitled to qualified immunity from the claims asserted against him by Plaintiff.**

In the event the Court determines that Plaintiff has stated a cause of action upon which relief can be granted and that this Court has jurisdiction over some or all of Plaintiff's claims, this Court should rule that the Secretary of State, Tom Schedler, is entitled to qualified immunity for the claims asserted against him in his individual capacity. Before engaging in the inquiry into whether the official unreasonably violated clearly established law, courts should first determine whether the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of federal law in the first place. *Conroe Creosoting Co. v. Montgomery Cnty., Tex.*, 249 F.3d 337, 340 (5th Cir. 2001). For all of the reasons set forth hereinabove and within the Secretary of State's 12(b)(6) Motion to Dismiss [Doc. 32] incorporated herein, Plaintiff has failed to state any cause of action against the State Defendants. Therefore, the Secretary of State, in his individual capacity, is entitled to qualified immunity.

IV.   <u>**CONCLUSION**</u>

For all the aforementioned reasons, as well as all of the reasons stated in the State Defendants' Motions to Dismiss incorporated herein [Doc. 32, Doc. 34], the State of Louisiana, Louisiana Secretary of State Office, and Secretary of State Tom Schedler, in both his official and his individual capacities, pray that their Motion to Dismiss Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) be granted and that this Court dismiss all of Plaintiff's claims against the State Defendants with prejudice at Plaintiff's cost.

*Signature on next page.*

**SHOWS, CALI & WALSH, L.L.P.**

 */s/ Kathryn A. Dufrene*
E. Wade Shows, La. Bar Roll No. 7637
John C. Walsh, La. Bar Roll No. 24903
Grant J. Guillot, La. Bar Roll No. 32484
Kathryn A. Dufrene, La. Bar Roll No. 35759
628 St. Louis Street (70802)
P.O. Drawer 4425
Baton Rouge, Louisiana 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-1467
*Attorneys for Defendants, State of Louisiana,*
*Louisiana Secretary of State Office, and*
*Secretaryof State Tom Schedler*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of February, 2016, a copy of the foregoing has this date been served upon all parties through their respective counsel of record by operation of the Court's electronic filing system and has been filed electronically with the Clerk of Court using the CM/ECF system.  A copy of the foregoing has been mailed to the following:

Johnny Duncan
P.O. Box 723
Amite, LA 70422

 *s/ Kathryn A. Dufrene*
KATHRYN A. DUFRENE

15