IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHNNY DUNCAN

VERSUS

STATE OF LOUISIANA *ET AL*

CIVIL ACTION NO. 15-5486

SECTION: "B"; MAGISTRATE "1"

JURY DEMANDED

---

Plaintiff's Opposition to Defendant Tangipahoa Parish Motion to Dismiss

---

Comes now into Court dark-skin African American male to opposed Defendant Tangipahoa Parish Motion to Dismiss on the following basis:

1.

Plaintiff Johnny Duncan adopts by reference all applicable defenses, laches and arguments offered in his previous opposition to defendant's motion to dismiss because the pertinent fact that has not changed that defendants denied plaintiff the right to vote on October 24, 2015;

2.

Plaintiff complied with the Court's Order in submitted his Amended Complaint;

TENDERED FOR FILING

MAR 2 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

3.

Defendant Tangipahoa Parish's Motion to Dismiss consists of the arguments of defendant and not plaintiff, is without merit and must be denied, as a matter of law;

4.

Defendant Tangipahoa Parish has construed some argument that it concocted about forms of identification to be the argument of plaintiff, which it plainly is not.  Plaintiff argument is that he was denied his *"clearly established"* and *"well-settled"* right to vote on October 24, 2015;

5.

The relevant consideration is that plaintiff was denied the right to vote by voting commissioner Patricia Hughes-Sims who was selected by defendant's employee Tangipahoa Parish Registrar of voter John Russell's appointee to the Tangipahoa Parish Board of Election Supervisors;

6.

As agent for Defendant Tangipahoa Parish, Defendant Tangipahoa Parish Registrar of Voter Office provided training for Voting Commissioner Patricia Hughes-Sims which proved inadequate to prevent her from denying plaintiff the right to vote on October 24, 2015;

7.

Defendant Secretary of State Office, through the offices of Defendant Registrar of Voter Office and Clerk of Court, provided training for the voting commissioners, training which

necessitated the interaction of all parties. The degree of that interaction will be addressed during discovery;

8.

Defendant Tangipahoa Parish soul justification of dismissal hinges on the claim of picture identification, which is not plaintiff's claim, thereby justify the Court right to dismiss defendant's motion, as a matter of law;

Wherefore, for all the foregoing reasons, Plaintiff prays that the Court reject Defendant Tangipahoa Parish Motion to Dismiss, as a matter of law.

Done this the 29th Day of February 2016 at Amite, Louisiana.

RESPECTFULLY,

Johnny Duncan
Plaintiff, *In Proper Person*
309 South Third Street
Post Office Box 723
Amite, Louisiana 70422

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHNNY DUNCAN                          CIVIL ACTION NO. 15-5486

VERSUS                                 SECTION: "B"; MAGISTRATE "1"

STATE OF LOUISIANA *ET AL*             JURY DEMANDED

---

Memorandum in Support of Plaintiff's Opposition to Defendant Tangipahoa Parish Motion to Dismiss

---

May it please the Court:

A cursory examination of Defendant Tangipahoa Parish Motion in Support show that its Motion to Dismiss hinges on two facts, both of which are meritless.

Defendant argue that plaintiff's Amended Complaint was not time. Plaintiff submitted the Amended Complaint within the time frame established by the Court, thereby necessitating denial of the Motion to Dismiss based on any such claim, as a matter of law.

Defendant Tangipahoa Parish's second errant fact concerns itself with defendant's role in "rejecting his identification". The Amended Complaint does not deal with picture identification because plaintiff knows only that he was denied the right to vote, which was clearly established and well-settled on October 24, 2015. Voting Commissioner Patricia Hughes-Sims and the other defendant must provide their reason for denying plaintiff the right to vote. Defendant Tangipahoa

TENDERED FOR FILING

MAR . 2 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Parish flawed premises is *prima facie* proof that defendant's motion to dismiss is without a legal

basis, and must be dismissed as a matter of law.

RESPECTFULLY,

Johnny Duncan
Plaintiff, *In Proper Person*
309 South Third Street
Post Office Box 723
Amite, Louisiana 70422

*Certificate of Service*

This is to certify that on this the 29th Day of February 2016, a true and correct copy of the

foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT TANGIPAHOA PARISH'S

MOTION TO DISMISS and MEMORANDUM IN SUPPORT were placed in the United States

Mail and forwarded to Defendant through counsel at the following address:

Glen R. Galbraith
**SEALE & ROSS, PLC**
200 North Cate Street
Hammond, Louisiana 70401

Johnny Duncan

U.S. POSTAGE
PAID
AMITE, LA
70422
FEB 23, 16
AMOUNT
**$7.89**
R2305H127824-5

CERTIFIED MAIL

7015 0640 0002 5151 3321

Johnny Duncan
P.O - Box 773
Amite, LA 70422

Clerk of Court EDLA
U. S. court House
500 Poydras St, Rm C-151
New Orleans, LA 70130