UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY DUNCAN** | **CIVIL ACTION NO. 15-05486-ILRS-SS** |
| **VERSUS** | **SECTION B(1)** |
| **STATE OF LOUISIANA, ET. AL.** | **JUDGE IVAN L.R. LEMELLE** |

**************************************************************************

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) and RULE 12(b)(6)**

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come the Defendants, the Tangipahoa Parish Board of Election Supervisors and Patricia Hughes, in her capacity as Commissioner for the Tangipahoa Parish Board of Election Supervisors, who respectfully move this Honorable Court to dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) for the reasons explained below.

**Fed. R. Civ. P. 12(b)(1)**

1.

A case will be dismissed under Fed. R. Civ. P. 12(b)(1) if the court lacks the statutory authority to hear and decide the dispute.[1]

2.

The Defendant respectfully states that accepting all factual allegations made by the Plaintiff as true, this Court lacks subject matter jurisdiction to hear and decide Plaintiff's claims with respect to the Tangipahoa Parish Board of Election Supervisors.

3.

The Tangipahoa Parish Board of Election Supervisors is a political subdivision of the

---

[1] *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586 (1938).

State of Louisiana, created under state statute in La. R.S. 18:423.  Commissioner Patricia Hughes is an employee of the Tangipahoa Parish Board of Election Supervisors for purposes of conducting elections in accordance with La. R.S. 18:425 and La. R.S. 18:434.

4.

Suit against a political subdivision of the State of Louisiana is improper in federal court under La. R.S. 13:5106(A).

5.

The Eleventh Amendment of the United States Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

6.

Eleventh Amendment immunity is applicable to the Tangipahoa Parish Board of Election Supervisors as a political subdivision of the State of Louisiana and to and Patricia Hughes, in her capacity as Commissioner for the Tangipahoa Parish Board of Election Supervisors, and the Eleventh Amendment bars a state's citizens from filing suit against the State in federal court unless it has waived its immunity.[2]

7.

Plaintiff's Complaint is absent any sufficient allegations of unlawful conduct as to the Tangipahoa Parish Board of Election Supervisors or Patricia Hughes, in her capacity as Commissioner for the Tangipahoa Parish Board of Election Supervisors.

---

[2] *Cozzo v. Tangipahoa Parish Council-President Government,* 279 F. 3d 273, 280 (5th Cir. 2002).

8.

A very narrow exception to Eleventh Amendment immunity, the *Ex Parte Young* doctrine exists.  However, this narrow exception does not apply in this case because the Plaintiff cannot meet the requirements of the exception.

9.

Further, it is well-established law within the United States Court of Appeals for the Fifth Circuit that the State has not waived its immunity from suit in federal court.[3]

10.

The Louisiana Legislature, through La. R.S. 13:5106(A), clearly expresses that "no suit against the state shall be instituted in any court other than a Louisiana state court."

11.

Because the State has not waived its sovereign immunity, this Court lacks jurisdiction to entertain his claims against the Tangipahoa Parish Board of Election Supervisors or Patricia Hughes, in her capacity as commissioner for the Tangipahoa Parish Board of Election Supervisors and, accordingly, Plaintiff's claims should be dismissed as to the Tangipahoa Parish Board of Election Supervisors pursuant to Fed. R. Civ. P. 12(b)(1).

## Fed. R. Civ. P. 12(b)(6)

12.

Pursuant to Fed. R. Civ. P. 12(b)(6), the court may dismiss the claims brought against Defendants for Plaintiff's failure to state a claim on which relief can be granted.

---

[3]*See, e.g., Patterson v. Stalder,* 2007 WL 2479830 (W.D.La. Aug. 27, 2007)) *(not reported in F.Supp.2d),* citing *Usry v. Louisiana Department of Highways,* 459 F.Supp. 56, 63-64 (E.D.La.1978); *Kiper v. Louisiana State Bd. of Elementary and Secondary Education,* 592 F.Supp. 1343 (M.D.La.), aff'd 778 F.2d 789 (5th Cir.1985).

13.

Here, Plaintiff has failed to state a claim on which relief can be granted in his pleadings filed against Defendants.

14.

Conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex ref. Willard* v. *Humana Health Plan of Texas, Inc.,* 336 F.3d 375,379 (5th Cir. 2003).

15.

Plaintiff has only presented conclusory allegations and unwarranted factual deductions in his complaints against Defendants.

**WHEREFORE,** the Tangipahoa Parish Board of Election Supervisors and Patricia Hughes, in her capacity as commissioner for the Tangipahoa Parish Board of Election Supervisors pray that the motion to dismiss be GRANTED and the Plaintiffs' complaint will be dismissed with prejudice, and that the Defendants be awarded all other relief which they are entitled.

RESPECTFULLY SUBMITTED,

**JEFF LANDRY**
ATTORNEY GENERAL

/s/ Angelique Duhon Freel
Angelique Duhon Freel (La. Bar Roll No. 28561)
Assistant Attorney General
Louisiana Department of Justice
Civil Division
P. O. BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6040
Facsimile: (225) 326-6099
Email: freela@ag.state.la.us

**Counsel for the Defendants, Tangipahoa Parish Board of Election Supervisors and Patricia Hughes, in her capacity as Commissioner for the Tangipahoa Parish Board of Election Supervisors**

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 2nd day of May 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record. I further certify that any non CM/ECF participant will be provided notice by first class United States Mail, properly addressed and postage prepaid.

Johnny Duncan
P.O. Box 723
Amite, LA 70422

Johnny Duncan
309 South Third St.
Amite, LA 70422

/s/ Angelique Duhon Freel
Angelique Duhon Freel